OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Jessica M. Toops (Lott) appeals the July 31, 2003 Judgment Entry of the Guernsey County Court of Common Pleas, adopting the April 30, 2003 Magistrate's Decision, which granted plaintiff-appellee Roger A. Toops' motion to modify designation of residential parent.
 STATEMENT OF THE FACTS AND THE CASE
{¶ 2} The parties were divorced in May of 1999. The decree of divorce designated appellant as the residential parent and legal custodian of the parties' two children: Roger Allen Toops III and Starr Renee Toops.
{¶ 3} On August 19, 2002, appellant filed a pro se motion to modify visitation. On October 18, 2002, appellee filed his own motion to modify designation of residential parent. A guardian ad litem was appointed for the children. On March 3, 2003, the guardian ad litem opined the children should remain with their mother.
{¶ 4} On April 30, 2003, via Magistrate's decision, the trial court allocated parental rights and responsibilities to appellee. Appellant filed objections to the Magistrate's decision. The court denied the objections, and adopted the Magistrate's decision on July 31, 2003.
{¶ 5} It is from the July 31, 2003 Judgment Entry adopting the Magistrate's decision appellant now appeals raising the following assignments of error:
{¶ 6} "I. The trial court abused its discretion in adopting the magistrate's decision in violation of R.C. 3109.04(E)(1)(a).
{¶ 7} "II. The trial court abused its discretion in adopting the magistrate's decision, which is against the manifest weight of the evidence."
 I, II
{¶ 8} Appellant's assignments of error raise common and interrelated issues; accordingly, we will address the assignments together. Appellant maintains the trial court abused its discretion by adopting the Magistrate's decision, which found the requisite change in circumstances necessary to modify the prior decree. We disagree.
{¶ 9} R.C. 3109.04(E)(1) governs modification of a prior custody decree:
{¶ 10} "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
{¶ 11} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
{¶ 12} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
{¶ 13} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
{¶ 14} A trial court's decision to modify custody pursuant to this statute will not be disturbed on appeal absent an abuse of discretion. This standard of review is applied because it is imperative trial courts are given wide latitude in these cases.
{¶ 15} In Davis v. Flickinger, the Ohio Supreme Court examined the trial court's role in addressing modification issues:
{¶ 16} "In determining whether a `change' has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her — including many of the factors in this case — and such a decision must not be reversed absent an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,523 N.E.2d 846."
The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. See Davis v. Flickinger (1997),77 Ohio St.3d 415.
{¶ 17} The April 30, 2003 Magistrate's decision deduced:
{¶ 18} "The Magistrate concludes that the Mother has failed to diligently and consistently provide for the special needs of her children. The Magistrate further concludes that her ongoing pattern of enrolling Starr in kindergarten against the advice of the school and despite Starr's best interests, missing counseling and speech therapy appointments, missing school, and failing for three quarters of the school year to work with Starr's school have all been to the detriment of the children such that a change of circumstances has occurred.
{¶ 19} "The Magistrate concludes that Starr will benefit from a fresh start in kindergarten in a place where she will not be stigmatized by other children for repeating a grade. The Magistrate further concludes that the children love both parents and benefit from relationships with both but are in need of diligent and consistent parenting to address their specific needs. There has been no evidence that the Father is unable or unwilling to provide such. His interaction with the children's schools throughout the school year demonstrates his ability to do so. The Magistrate concludes that the harm of a change of environment is outweighed by the advantages."
{¶ 20} It is not the role of a court of appeals to substitute its judgment for that of the trial court. Accordingly, upon review, we find the trial court did not abuse its discretion in modifying the prior custody decree.
{¶ 21} Further, we find appellant's argument in opposition to the Magistrate's finding of a change of circumstances to be judicially estopped. The doctrine of judicial estoppel precludes a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Bruck v. Mason
(1992), 84 Ohio App.3d 398, 400.
{¶ 22} Appellant initiated the proceedings at issue with her own pro se motion to modify visitation. In filing her motion, appellant asserts a change in circumstances surrounding the visitation orders sufficient to necessitate a modification in visitation rights. However, in response to appellee's motion for reallocation of parental rights and responsibilities, appellant now appeals to this court for a finding of no change in circumstances. Appellant's positions are necessarily inconsistent; therefore, estopped.
{¶ 23} Appellant's assignments of error are overruled.
{¶ 24} The July 31, 2003 Judgment Entry of the Guernsey County Court of Common Pleas, adopting the April 30, 2003 Magistrate's decision, is affirmed.
Judgment affirmed.
Wise and Boggins, JJ., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the July 31, 2003 Judgment Entry of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.