OPINION *Page 2 
{¶ 1} Appellant Amy D. Grubbs appeals from a post-decree modification of parental rights and responsibilities by the Guernsey County Court of Common Pleas. Appellee Kenneth L. Grubbs is appellant's former husband. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on May 2, 1995 in Cambridge, Ohio. One child, Samuel, was born of the marriage in 1999. In 2001, the parties filed a petition for dissolution in the Guernsey County Court of Common Pleas. On August 1, 2001, said court issued a decree of dissolution. The decree incorporated the parties' amended shared parenting plan regarding Samuel.
 {¶ 3} In November 2002, appellant filed a motion to modify the parenting time provisions of the shared parenting plan. In April 2003, while appellant's motion was pending, appellee filed a motion to terminate the shared parenting plan and to have himself named the residential parent of Samuel. On May 9, 2003, the trial court denied both motions and declined any modification of the shared parenting plan.
 {¶ 4} On February 23, 2006, appellee again filed a motion to terminate the shared parenting plan and to have himself named the residential parent. The matter proceeded to an evidentiary hearing before a magistrate on August 29, 2006. On September 12, 2006, following the hearing, the magistrate issued a decision recommending termination of the shared parenting plan and a designation of appellee as the residential parent and legal custodian. The magistrate's decision included the following finding: *Page 3 
 {¶ 5} "3. The magistrate finds that at the completion of a prior hearing in this case, the Mother stated, as the magistrate was exiting the courtroom, that the Father was not the real Father anyway. Such statement was used as a weapon to upset the Father and attempted to disrupt the proceeding alluding to facts not then in evidence."
 {¶ 6} Appellant filed an objection to the magistrate's decision on September 13, 2006, and supplemented her objection on October 19, 2006. Appellee filed a response on November 3, 2006, and appellant filed a reply memorandum on November 13, 2006.
 {¶ 7} On December 14, 2006, the trial court issued a judgment entry adopting the magistrate's decision, except that the magistrate's aforecited finding of fact #3 was stricken. On January 4, 2007, appellant filed a notice of appeal. She herein raises the following five Assignments of Error:
 {¶ 8} "I. IN A MODIFICATION OF CUSTODY PROCEEDING, IT IS PLAIN ERROR AND/OR CONTRARY TO LAW, FOR A MAGISTRATE TO PRESUME, AND/OR FOR A TRIAL COURT TO ADOPT A PREMISE THAT A CHANGE OF CIRCUMSTANCES HAS OCCURRED BASED UPON THE PARTIES FILING OF MOTIONS FOR THE MODIFICATION OF A SHARED PARENTING PLAN WHEN THAT PRESUMPTION IS BASED UPON AN ERRONEOUS INTERPRETATION OF CASE LAW AND/OR A FAILURE TO HOLD THE MOVING PARTY TO PROVE THAT A CHANGE OF CIRCUMSTANCES HAS OCCURRED.
 {¶ 9} "II. WHEN A MAGISTRATE FAILS TO DISCLOSE ON THE RECORD INFORMATION RELEVANT TO DISQUALIFICATION OF THAT MAGISTRATE, PRIOR TO A HEARING, SUCH FAILURE VIOLATES A LITIGANT'S RIGHT TO DUE PROCESS OF LAW. *Page 4 
 {¶ 10} "III. WHEN A PARTY REQUESTS AN EVIDENTIARY HEARING AFTER LEARNING THROUGH A MAGISTRATE DECISION, THAT THE MAGISTRATE ALLEGED A PRIOR KNOWLEDGE OF FACTS WHEREAT THE IMPARTIALITY OF THAT MAGISTRATE COULD REASONABLY BE QUESTIONED, AND IS DENIED THAT EVIDENTIARY HEARING BY THE TRIAL JUDGE, ABUSE OF DISCRETION AND/OR REVERSIBLE ERROR HAS OCCURRED.
 {¶ 11} "IV. WHEN A TRIAL COURT FAILS TO RULE UPON AN OBJECTION BY STRIKING THE BASIS OF THAT OBJECTION FROM A MAGISTRATE'S DECISION IT IS A VIOLATION OF CIVIL RULE 53 AND ANY JUDGMENT THEREOF MUST BE HELD VOID AND FOR NAUGHT.
 {¶ 12} "V. A LOWER COURT ABUSES ITS DISCRETION WHEN IT MODIFIES A SHARED PARENTING PLAN WITHOUT SUFFICIENT EVIDENCE TO SUPPORT A CHANGE OF CIRCUMSTANCES."
 I., V. {¶ 13} In her First and Fifth Assignments of Error, appellant argues the trial court erred concerning the existence of a change of circumstances in this matter.
 {¶ 14} R.C. 3109.04(E)(1)(a) reads in pertinent part as follows: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *." *Page 5 
 {¶ 15} A review of the record reveals that appellant did not raise the issue of "change of circumstances" in her Civ.R. 53 objection, although it is raised on the next-to-last page of her "supplemental objections." Nevertheless, appellant's counsel conceded the existence of a change in circumstances in his opening statement. See Tr. at 9. Furthermore, the magistrate's hearing of August 29, 2006, also addressed appellant's own "motion to modify temporary parenting schedule" filed August 7, 2006.
 {¶ 16} Accordingly, we find the issue of change of circumstances waived and judicially estopped for purposes of this appeal. Cf.Toops vs. Toops, Guernsey App. No. 03 CA 18, 2004-Ohio-1771, ¶ 21-22. Appellant's First and Fifth Assignments of Error are overruled.
 II., III., IV. {¶ 17} In her Second Assignment of Error, appellant appears to argue that her due process rights were violated by the magistrate's failure to disclose, prior to the August 29, 2006 hearing, the information which later constituted the magistrate's finding of fact #3, i.e., the overhearing of appellant's commentary in a prior hearing. In her Third and Fourth Assignments of Error, appellant contends the trial court committed reversible error in ruling on the objections and in failing to order an evidentiary hearing in regard to finding of fact of fact #3. We disagree on all counts.
 {¶ 18} In the case sub judice, the trial court held in pertinent part in the judgment entry under appeal: *Page 6 
 {¶ 19} "* * * Amy D. Grubbs' Objections to the Magistrate's Decision are GRANTED in part — the Court striking Finding of Fact #3, but DENIED in part — the Court finding sufficient evidence before the Court to adopt the Magistrate's Decision as the Judgment of the Court. Judgment Entry at 1.
 {¶ 20} It is well-established that an appellant, in order to secure reversal of a judgment, must show that a recited error was prejudicial to her. See Tate v. Tate, Richland App. No. 02-CA-86, 2004-Ohio-22, ¶ 15, citing Ames v. All American Truck Trailer Service (Feb. 8, 1991), Lucas App. No. L-89-295, quoting Smith v. Flesher (1967),12 Ohio St.2d 107, 110, 233 N.E.2d 137. A judge is presumed to be unbiased and unprejudiced in the matters over which he or she presides. State v.Addison, Franklin App. No. 03AP-1102, 2004-Ohio-5154, ¶ 15, citing In reDisqualification of Olivito (1994), 74 Ohio St.3d 1261, 1263,657 N.E.2d 1361. Furthermore, as there is no specific statutory provision addressing disqualification of a magistrate, the question of removal of a magistrate should be left to the sound discretion of the judge referring the matter to the magistrate. See Walser v. Dominion Homes,Inc. (June 11, 2001), Delaware App. No. 00-CA-G-11-035. In the case sub judice, the trial court, upon conducting its independent review under Civ.R. 53, specifically noted that it had sufficient evidence to adopt the decision of the magistrate absent the stricken finding of fact #3. *Page 7 
 {¶ 21} Upon review, we find no reversible error by the trial court on the grounds urged by appellant. The Second, Third and Fourth Assignments of Error are therefore overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 8 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1