DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Thomas Hayne, appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which overruled his objections and adopted the various decisions of the magistrate. This Court affirms.
 I. {¶ 2} Thomas Hayne ("Father") and Appellee Cerena Cernik ("Mother") were married on October 23, 1993, and two children were born of the marriage. Father filed a complaint for divorce on April 2, 2002. Mother answered and filed a counterclaim for divorce. Both parties requested to be named the residential parent and legal custodian of the minor children. The trial court appointed Attorney Kevin Dunn to serve as the guardian ad litem of the children. On May 28, 2002, the trial court issued an order naming Mother as the temporary residential parent and legal custodian of the children. *Page 2 
 {¶ 3} On April 8, 2003, the trial court issued a judgment entry of divorce. Appended thereto and incorporated therein was a shared parenting plan, agreed to by the parties. The plan provided that Mother's residence would constitute the children's residence for school purposes. Also appended to and incorporated within the judgment entry was a companionship schedule, further delineating the parties' parenting time with the children.
 {¶ 4} On September 11, 2003, the magistrate held a hearing on Mother's motion to modify parental rights and responsibilities, originally filed in another case as part of a petition for a civil protection order. On September 16, 2003, the magistrate issued an order naming Mother as the temporary residential parent and legal custodian of the children, and granting Father supervised visitation. On September 23, 2003, the trial court re-appointed Attorney Kevin Dunn to serve as the guardian ad litem of the children.
 {¶ 5} On October 21, 2003, the magistrate issued an order after a partial hearing on Mother's motion to modify parental rights. The magistrate restored Father's parenting time as set out in the shared parenting plan incorporated within the parties' judgment entry of divorce. The magistrate further assigned to the parties a parenting time coordinator who was charged with making determinations as to any disputes the parties might have regarding parenting time. The parties were advised that they could challenge the parenting time coordinator's determinations by filing a motion with the trial court. On December 12, 2003, Mother moved to dismiss her motion for change of custody.
 {¶ 6} As disputes arose between the parties, the trial court sent the parties to mediation. When mediation was unsuccessful, the parties moved the trial court for orders resolving their disputes. The parties engaged in numerous contentious disputes over the years. On September *Page 3 
20, 2005, the trial court named Father as the children's residential parent for school purposes and referred the parties to mediation to establish a modified shared parenting plan.
 {¶ 7} As the parties continued to disagree about various child-related issues, the trial court appointed Attorney Keith Wolgamuth on March 9, 2006, by way of a magistrate's order to serve as the children's guardian ad litem. Neither party moved to set aside this magistrate's order.
 {¶ 8} On April 27, 2006, Mother filed a motion for legal custody, or in the alternative, a motion to modify the shared parenting designation of residential parent. On June 5, 2006, Mother filed a motion for a psychiatric evaluation and parenting assessment of Father, and for supervised visitation. On June 8, 2006, she filed a motion for an in camera interview of the children. The same day, the magistrate ordered Father to appear with the children before the court the next day.
 {¶ 9} On June 9, 2006, the magistrate commenced, but did not conclude, a hearing. The magistrate noted that the guardian ad litem testified that it was in the best interest of the children that Mother serve as their temporary residential parent and legal custodian pending resolution of the parties' dispute. Subsequently, Mother moved for an order of child support and filed an amended motion for in camera interview.
 {¶ 10} On August 3, 2006, Father filed a motion for disqualification and recusal of both the magistrate and judge involved in the proceedings before the trial court. The same day, Mother filed a pretrial statement in which she named Ms. Debbie Smith, the children's counselor from Greenleaf Counseling Center, as a potential witness.
 {¶ 11} On September 22, 2006, the magistrate heard Mother's motion for child support occasioned by her designation as temporary residential parent and legal custodian of the children. *Page 4 
The magistrate issued a decision the same day, ordering Father to pay child support in the amount of $502.04 per month per child. The magistrate appended a child support computation worksheet to his decision. Father filed timely objections to the magistrate's decision regarding the calculation of child support. He failed to file a praecipe with the court reporter for a transcript of the September 22, 2006 hearing in support of his objections.
 {¶ 12} On October 16, 2006, the magistrate held a non-oral hearing upon reports of problems with Father's supervised visitation at the parenting center. The magistrate issued an order the next day suspending Father's supervised visitation pending further hearing on November 15, 2006. Father timely filed an "objection" to this magistrate's order, although the proper procedural mechanism to challenge the order would have been a motion to set aside the order. On December 7, 2006, the trial court ordered that Father shall resume his previous parenting time schedule at the parenting time center, effectively rendering his "objection" to the October 17, 2006 magistrate's order moot.
 {¶ 13} On November 8, 2006, Mother refiled her pretrial statement, again naming Ms. Debbie Smith of Greenleaf Counseling Center as a potential witness.
 {¶ 14} On November 15, 2006, the magistrate held a hearing on the motions to modify the allocation of parental rights. The magistrate issued his decision out of that hearing on March 1, 2007. In the decision, the magistrate noted that "[a]t the start of the hearing, and on the record, both litigants dismissed all of their motions save for the motions to modify the allocation of parental rights. Hearing proceeded on those motions." After noting Father's bad attitudes and behaviors over the course of this case, as well as his "indicated 
intention to continue his behavior, notwithstanding the orders of this Court[,]" the magistrate found that "there has been a change in the circumstances of the children and that a modification of parental rights is necessary *Page 5 
for the best interests of the children." The magistrate found that Mother should be designated the residential parent and legal custodian of the children. The magistrate further found the following: that shared parenting is not in the best interest of the children due to the parties' inability to agree regarding parenting issues; that the children are better adjusted and more comfortable in Mother's care; that Mother is more likely to honor and facilitate Father's parenting time; that Father has interfered with Mother's parenting time to her detriment; that Father should continue to have supervised visitation with the children at the parenting time center; and that Father should pay child support in accordance with the magistrate's September 22, 2006 decision.
 {¶ 15} Father filed timely objections to the magistrate's March 1, 2007 decision. For the first time, he challenged therein the trial court's appointment of Attorney Wolgamuth, in lieu of Attorney Kevin Dunn, as the children's guardian ad litem. Father attached to his objections a copy of a letter Attorney Dunn had submitted to the Medina County Domestic Relations Court on May 29, 2003, wherein he respectfully declined further appointments as a guardian ad litem due to professional considerations. Father also argued that the parties did not dismiss all other motions besides the motions for a determination of the custody of the children. He further objected to the child support determination, the order for supervised visitation at the parenting time center, the "expert" testimony of Ms. Smith, the failure of the court to conduct an in camera interview with the children, and his perceived bias by both the magistrate and the judge presiding over these matters. He failed to file a praecipe with the court reporter for a transcript of the November 15, 2006 hearing in support of his objections.
 {¶ 16} On December 7, 2006, the trial court judge heard oral arguments on Father's objections and motion to set aside; however, she did not hear additional evidence. On September *Page 6 
20, 2007, the trial court issued a judgment entry, ruling on all of Father's objections to various decisions of the magistrate, as well as his motion to set aside the magistrate's October 17, 2006 order. The trial court overruled Father's objections and denied his motion to set aside, in large part because Father had failed to provide a transcript of the relevant hearings. The trial court ordered that Mother be designated as the residential parent and legal custodian of the children, that Father continue to have supervised visitation with the children at the parenting time center, and that Father pay child support in the amount of $502.04 per month per child. Father timely appeals, raising six assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY NOT ATTACHING A COPY OF THE COMPLETE CHILD-SUPPORT WORKSHEET AND MAKE THAT CHILD-SUPPORT WORKSHEET A PART OF THE RECORD WHEN IT MADE A CHILD-SUPPORT DETERMINATION IN ITS FINAL ORDER."
 {¶ 17} Father argues that the trial court erred by failing to attach a copy of the child support computation worksheet to its final judgment entry. This Court disagrees.
 {¶ 18} The Ohio Supreme Court has held:
 "A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with [statute], must actually be completed and made a part of the trial court's record." Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph one of the syllabus.
The Marker court stated that, because the statute requires the completion of the applicable worksheet, the worksheet must be made part of the record, particularly to ensure that "an order or modification of support is subject to meaningful appellate review." Id. at 142.
 {¶ 19} In this case, the applicable worksheet upon which the trial court's child support order is based is part of the record. It is attached to the magistrate's September 22, 2006 *Page 7 
decision. As the worksheet is part of the record, the trial court has complied with statutory mandates and the child support order is subject to meaningful appellate review. Father's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN GRANTING CHILD SUPPORT TO [MOTHER] WHEN THE NUMBERS IN THE FORMULA USED BY THE MAGISTRATE UPON WHICH THE CHILD SUPPORT WAS BASED WERE BOTH ERRONEOUS AND FALSELY CREATED BY [MOTHER]."
 {¶ 20} Father argues that the trial court erred in ordering child support based upon erroneous and fabricated evidence. This Court disagrees.
 {¶ 21} As a preliminary matter, this Court notes that Father is effectively challenging the trial court's adoption of the magistrate's decision awarding child support to Mother. In reviewing an appeal from the trial court's order adopting the magistrate's decision under Civ. R. 53, this Court must determine whether the trial court abused its discretion in adopting the decision. Bobel Electric, Inc. v.Friedman, 9th Dist. No. 03CA008217, 2003-Ohio-4520, at ¶ 7. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Mealey v.Mealey (May 8, 1996), 9th Dist. No. 95CA0093. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 22} On September 22, 2006, after hearing, the magistrate issued a decision ordering Father to pay child support to Mother in the amount of $502.04 per child per month (plus 2% *Page 8 
processing fee). Father timely filed objections to the magistrate's decision, but failed to file a transcript of the hearing for the trial court's review in consideration of his objections. Although Father asserts in his appellate brief that he requested and received a copy of the transcript from the September 22, 2006 hearing, there is no praecipe in the record to indicate such. In addition, no transcript was filed with the trial court prior to the court's ruling on Father's objections.
 {¶ 23} The trial court overruled Father's objections regarding the magistrate's decision on child support, finding that in the absence of a transcript, it "is required to conclude the evidence supported [the magistrate's] finding." The trial court based its finding on Civ. R. 53(D)(3)(b) which mandates that "[a]n objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ. R. 53(D)(3)(b)(iii). In addition, the trial court relied on this Court's holding in Saipin v. Coy, 9th Dist. No. 21800, 2004-Ohio-2670, at ¶ 9, that "[w]hen a party fails to file a transcript or an affidavit as to the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based upon those factual findings." Id., quoting Stewart v. Taylor, 9th Dist. No. 02CA0026, 2002-Ohio-6121, at ¶ 11.
 {¶ 24} Father objected to the magistrate's factual findings, yet he failed to support his objections with a transcript. As the trial court was obligated to accept the magistrate's findings of fact, it did not abuse its discretion by overruling Father's objections. Father's second assignment of error is overruled. *Page 9 
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN NOT CONDUCTING AN IN CAMERA INTERVIEW WITH THE MINOR CHILDREN ALTHOUGH A PARTY HAD MADE A MOTION FOR SUCH AN IN CAMERA INTERVIEW."
 {¶ 25} Father argues that the trial court erred in failing to conduct an in camera interview with the children, despite the fact that Mother had filed a motion for such an interview. This Court disagrees.
 {¶ 26} R.C. 3109.04(B)(1) states, in relevant part:
 "In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation." (Emphasis added.)
 {¶ 27} On June 8, 2006, Mother filed a motion for an in camera interview with the children. The same day, the magistrate ordered Father to appear with the children before the court on June 9, 2006. On June 14, 2006, the magistrate issued an order out of the June 9, 2006 hearing, noting appearances by Father, his counsel, Mother, her counsel, and the guardian ad litem, but not the children. Based on the record before it, the trial court stated that it was "unable to determine if the interview took place and, if it did not, whether it was due to the actions of [Father] who was ordered to bring the children, or the actions of the Magistrate or other court personnel."
 {¶ 28} Father filed a praecipe for the June 9, 2006 hearing on June 15, 2006, but the transcript was not filed as part of the record until October 17, 2007. The trial court stated in its September 20, 2007 order that it, therefore, was "unable to ascertain whether [Father] raised this objection at the June 9, 2006 hearing before the Magistrate when any procedural defect could have been remedied." *Page 10 
 {¶ 29} On July 25, 2006, Mother filed an amended motion for an in camera interview with the children. On November 15, 2006, the magistrate held a hearing on the parties' respective motions to modify the allocation of parental rights. The magistrate issued a decision on March 1, 2007, out of that hearing, noting that "[a]t the start of the hearing, and on the record, both litigants dismissed all of their motions save for the motions to modify the allocation of parental rights." As Father failed to support his objection with a transcript of the November 15, 2006 hearing, the trial court was compelled to accept the magistrate's finding of fact that the parties dismissed all pending motions except for their motions to modify custody. Saipin at ¶ 9. Accordingly, Mother's motions for an in camera interview with the children were dismissed and the trial court no longer had any duty to interview the children. Father's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED IN PERMITTING DEBRA SMITH TO TESTIFY FOR [MOTHER] WHEN SHE TESTIFIED AS A COUNSELOR AND EXPERT WITNESS IN VIOLATION OF THE DISCLOSURE REQUIREMENTS OF THE MEDINA COUNTY DOMESTIC RELATIONS COURT LOCAL RULES."
 {¶ 30} Father effectively argues that the trial court erred in overruling his objections to the decision of the magistrate, who allegedly permitted Debra Smith to testify as an expert in violation of Loc. R. 6.03 of the Medina County Domestic Relations Court Local Rules. This Court disagrees.
 {¶ 31} Loc. R. 6.03 states in pertinent part:
 "A. Any party intending to call a person to testify as an expert in any proceeding pending before the Court, other than an emergency proceeding shall:
 "1. Notify the other party(s) to the proceeding in writing no later than thirty (30) days prior to the hearing or trial in which the expert is to testify; *Page 11 
 "2. Provide a curriculum vitae and narrative report of the proposed expert witness to each other party contemporaneous with the notice of intent to call the expert testimony; and
 "3. Provide each other party the opportunity to depose the proposed expert witness at a mutually convenient time and place no later than seven (7) days prior to hearing or trial."
 {¶ 32} Mother filed a pretrial statement on August 3, 2006, and another on November 8, 2006, naming Ms. Smith as a potential witness. The magistrate heard the matter on November 15, 2006. Accordingly, Father was on notice that Ms. Smith might testify more than 90 days prior to the hearing. Of greater significance, however, is the absence of any record that Ms. Smith testified as an expert. As Father failed to submit a transcript of the November 15, 2006 hearing, the trial court could not determine whether the magistrate qualified Ms. Smith as an expert or whether she merely testified as a lay witness. If Ms. Smith did not give expert testimony, then the mandates of Loc. R. 6.03 were not applicable. In the absence of a transcript which might have supported Father's assertions, the trial court did not abuse its discretion by overruling Father's objections to Ms. Smith's testimony. Father's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED IN APPOINTING MR. WOLGAMUTH AS THE GUARDIAN AD LITEM IN THIS CASE."
 {¶ 33} Father argues that the trial court erred by appointing Attorney Wolgamuth as the guardian ad litem, when Attorney Dunn had already been appointed as the guardian ad litem for the children. This Court disagrees.
 {¶ 34} The trial court appointed Attorney Dunn as the guardian ad litem for the children the same day that Father filed his complaint for divorce. That appointment would have necessarily terminated a year later when the trial court issued its final judgment entry of divorce. *Page 12 
More than five months later, the trial court reappointed Attorney Dunn to serve as the children's guardian ad litem due to on-going disputes between the parties. Such interim disputes were addressed by the trial court in due course.
 {¶ 35} On August 1, 2005, Father filed a motion to alter companionship and motion for contempt. He did not serve a copy of his motion on Attorney Dunn. Rather, he served only Mother's counsel. From August 1, 2005, through March 1, 2006, Father filed 17 sundry motions, replies, notices and submissions with the court, serving only Mother's counsel each time. Furthermore, during that period, no guardian ad litem was involved in the pending matters, although at times a mediator and parenting time coordinator were involved. On March 28, 2005, Attorney Dunn submitted a bill to the court for payment of services "to date," which indicated his last involvement in the case on February 12, 2004.
 {¶ 36} On March 9, 2006, the magistrate, by order, appointed Attorney Wolgamuth to serve as the guardian ad litem for the children. Father failed to timely file a motion to set aside the magistrate's order as he could have done pursuant to Civ. R. 53(D)(2)(b). "Failure to avail himself of that application for relief when it was available forfeits [Father's] right to argue on appeal" the magistrate's appointment of Attorney Wolgamuth as the guardian ad litem. See State v. Craft, 2d Dist. No. 07CA0046, 2008-Ohio-2717, at ¶ 25. Father's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI "THE TRIAL COURT ERRED IN NOT RECUSING ITSELF AND THE MAGISTRATE FROM THIS CASE."
 {¶ 37} Father argues that the trial court erred by not recusing herself and the magistrate in this case. This Court disagrees. *Page 13 
 {¶ 38} On August 3, 2006, Father filed a "motion to recuse; motion for disqualification," wherein he alleged that both the judge and magistrate have developed such a bias against him that he cannot receive a fair hearing before them. Father cited various orders and decisions contrary to his interests in support of his claims of bias. In addition, Father asserted that he had filed a complaint against the magistrate with the Disciplinary Counsel and that he had contributed funds and actively campaigned on behalf of the judge's opponent in an upcoming election. Father requested the appointment of a visiting judge to the case. The trial court denied Father's motion, finding that the magistrate had not evidenced any bias or prejudice either for or against Father.
 {¶ 39} "[A]s there is no specific statutory provision addressing disqualification of a magistrate, the question of removal of a magistrate should be left to the sound discretion of the judge referring the matter to the magistrate." In re Grubbs, 5th Dist. No. 07 CA 2,2007-Ohio-5807, at ¶ 20. In this case, the trial court looked for guidance to Canon 3(E)(1), of the Code of Judicial Conduct, which sets forth various, but not exclusive, circumstances in which a judge's impartiality might be questioned. Specifically, the trial court found that Father did not claim that the magistrate was an attorney in the case, that he had personal knowledge of the case, or that he had financial or family ties to the parties or counsel. The trial court further found that, in the absence of any transcripts of hearings before the magistrate, the court must presume that the magistrate evidenced no bias or prejudice.
 {¶ 40} In his appellate brief, Father cites to portions of the transcript of the November 15, 2006 hearing before the magistrate. However, Father failed to file a copy of that transcript for review by the trial court. While Father did cause a transcript of the magistrate's November 15, 2006 hearing to be filed in the trial court on October 17, 2007, approximately one month *Page 14 
after the trial court addressed Father's objections and motions, such transcript was not properly before the trial court for review. Accordingly, the transcript is "not properly a part of the record on review" before this Court. In re Spencer, 1st Dist. No. C-070321,2008-Ohio-2844, at ¶ 11. Therefore, there is nothing to indicate that the trial court abused its discretion by denying Father's motion to remove the magistrate for bias.
 {¶ 41} In regards to the trial court's denial of Father's motion for disqualification, this Court has stated:
 "R.C. 2701.03 sets forth the procedure by which a party may seek disqualification. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court. This Court, therefore, has no jurisdiction to pass upon this issue[.]" State v. Ramos (1993), 88 Ohio App.3d 394, 398.
Accordingly, we do not address any issues related to Father's motion for disqualification of the trial court judge.
 {¶ 42} Finally, this Court has already addressed the appointment of Attorney Wolgamuth in lieu of Attorney Dunn as the children's guardian ad litem. As Father failed to move to set aside the magistrate's order appointing Attorney Wolgamuth, he cannot now use that appointment to substantiate a claim of trial court bias.
 {¶ 43} In addition, a review of Attorney Dunn's May 29, 2003 letter to the Medina County Domestic Relations Court indicates that he would not take further appointments as a guardian ad litem. Attorney Dunn ceased his involvement in this case on March 28, 2005, when he submitted a final bill for services rendered "to date." His last involvement in the substance of the case was more than a year earlier on February 12, 2004. With the flurry of motions and other documents filed by Father in 2005, it became apparent that there was again a need for the involvement of a guardian ad litem. As Attorney Dunn had indicated his desire that the trial *Page 15 
court not appoint him for further matters, it was not unreasonable for the trial court to appoint an alternate guardian ad litem. The trial court's characterization of Attorney Dunn's letter as a declination of reappointments was not unreasonable and not indicative of bias. Father's sixth assignment of error is overruled.
 III. {¶ 44} Father's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 16 
 MOORE, J., DICKINSON, J., CONCUR. *Page 1