[Cite as *Estate of Stepien v. Robinson*, 2013-Ohio-4306.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


| | | |
|---|---|---|
| ESTATE OF TED J. STEPIEN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-001** |
| MARY ROBINSON, et al., | : | |
| Defendants-Appellants. | : | |


Appeal from the Lake County Court of Common Pleas, Probate Division, Case No. 09 CV 0081.

Judgment: Affirmed.


*Mark A. Ziccarelli,* Ziccarelli & Martello, 8754 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*John L. Reulbach, Jr.,* 14701 Detroit Avenue, Suite 575, Lakewood, OH 44107 (For Defendants-Appellants).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Mary Robinson, Classified USA Inc. (Ohio), and Classified USA (California), appeal the judgment of the Lake County Court of Common Pleas, Probate Division, awarding appellee, the Estate of Ted J. Stepien, attorney fees for appellants' frivolous conduct pursuant to R.C. 2323.51. At issue is whether appellants are precluded from challenging the magistrate's findings of fact due to their failure to file

a transcript of proceedings before the magistrate with their objections in the trial court. For the reasons that follow, we affirm.

{¶2} In May 2009, the Estate of Ted J. Stepien, through its executrix, Teddi S. Deka, filed a complaint for declaratory judgment against appellants. The complaint sought: (1) a declaration that Classified USA Inc. (Ohio) belonged to Mr. Stepien at the time of his death and was thus an asset of the estate to be distributed pursuant to his will to his five daughters; (2) a declaration that a certain "asset purchase agreement" purporting to effectuate a purchase of Classified USA Inc. by appellant Mary Robinson, who is one of Mr. Stepien's daughters, is a forgery and invalid; and (3) an injunction to prevent Robinson from transferring or removing assets of the corporation. Appellants filed an answer, denying the material allegations of the complaint and alleging that Robinson is the sole owner of Classified USA Inc. (Ohio). The trial court referred the matter to the magistrate pursuant to Civ.R. 53.

{¶3} The matter proceeded to trial by the magistrate on August 18-19, 2011. The statement of facts that follows is derived from the magistrate's decision following the trial.

{¶4} Mr. Stepien was the owner of a company called Nationwide Cable Reps, Inc. ("NCR"). He had five daughters, including Robinson and the executrix of the estate, Teddi S. Deka. Robinson was the only daughter who played an active role in NCR. Mr. Stepien operated the business in Ohio and Robinson, a resident of California, operated the company's west coast division in that state.

2

{¶5} In 2006, Mr. Stepien signed and filed articles of incorporation for a new corporation, Classified USA Inc. (Ohio). Robinson and Richard Koss, Mr. Stepien's accountant, testified that Mr. Stepien intended to sell NCR's business to Classified USA Inc. (Ohio) and to transfer the new corporation to Robinson.

{¶6} Mr. Stepien allegedly signed an asset purchase agreement for the sale of NCR's assets to Robinson. Her signature is dated January 23, 2007; however, Mr. Stepien's signature is not dated.

{¶7} Koss testified, via his deposition, that he witnessed both Mr. Stepien and Robinson sign the asset purchase agreement. However, later in his deposition, Koss recanted, and said he did not witness Robinson's signature after he asked her during a break in the deposition if he had witnessed her signature.

{¶8} The magistrate found that, although Koss testified that he witnessed Mr. Stepien's signature, Koss' testimony was not credible because he originally testified he witnessed Robinson's signature and then changed his testimony after talking to her. Adding to his lack of credibility, Koss also testified on direct examination that he saw Robinson sign a promissory note for her purchase of Classified USA Inc. (Ohio). However, on cross examination, Koss testified he was guessing when he said Robinson signed the note. He testified that, in fact, he never even saw the note.

{¶9} Vickie Willard, an expert forensic document examiner, testified that the purported signature of Mr. Stepien on the asset purchase agreement is not his signature, and, in fact, is a forgery.

3

{¶10} The magistrate found that the signature purporting to be that of Mr. Stepien on the asset purchase agreement is a forgery and invalid to reflect a purchase of the corporation by Robinson.

{¶11} In addition, Robinson and Mr. Stepien executed a "memorandum of understanding" regarding the sale of Classified USA Inc. (Ohio) to her. The memorandum provides that NCR desires to create a new corporation, Classified USA Inc. (Ohio), and that Robinson desires to own it.

{¶12} However, the magistrate found that the memorandum of understanding included certain conditions precedent that Robinson was required to perform before the memorandum would be effective. First, the memorandum included a condition precedent pursuant to which Robinson was required to elect Mr. Stepien as president of Classified USA Inc. (Ohio). The magistrate found that Robinson did not satisfy this condition. The second condition required Robinson to ensure that, upon her death or if she could not continue the business, Classified USA Inc. (Ohio)'s stock would be transferred to Mr. Stepien. Again, the magistrate found that Robinson did not satisfy this condition. Thus, the magistrate found the memorandum of understanding never became effective.

{¶13} Robinson argued that Mr. Stepien's will indicated he intended that she be the sole owner of Classified USA Inc. (Ohio) because the will incorporated by reference any agreement between NCR and Robinson and directed that the agreement be adopted by his fiduciary, including Robinson's exclusive right as to any ownership

4

interest she may have in NCR. However, the magistrate found that the will applied only to NCR, not Classified USA Inc.

{¶14} Further, the magistrate found that if the memorandum of understanding was incorporated into the will, that would not prove that Robinson owns Classified USA Inc. (Ohio) because the memorandum contained conditions that Robinson never satisfied.

{¶15} The magistrate also found that if the asset purchase agreement was incorporated into the will, this agreement would not prove that Robinson owns Classified USA Inc. (Ohio) because the agreement was forged and therefore invalid.

{¶16} The magistrate found that, regardless of Mr. Stepien's intent, no contract existed for the purchase of Classified USA Inc. (Ohio) by Robinson; she never paid anything for it and never signed a promissory note to buy it; and Mr. Stepien did not transfer ownership of the company to Robinson.

{¶17} Further, the magistrate found that, since Mr. Stepien's death on September 10, 2007, there was evidence that Robinson was spending money of the corporation to decrease its value in the event it was ordered to be included in the estate. The magistrate found that, since Mr. Stepien's death, Classified USA Inc. (Ohio) has had dwindling sales, but Robinson has repeatedly increased her salary, despite these losses. In 2007, Classified USA Inc. (Ohio) had gross receipts of $1.3 million and Robinson received an annual salary of $38,000. In 2009, after Robinson took over operation of the company, closed the Ohio business, and incorporated the business in California as Classified USA (California), its gross receipts totaled only $154,000 for the

entire year. Yet, in that year, Robinson increased her annual salary to $93,000. She said she did not know why she increased her salary. Also, in 2009, she gave herself an additional fee of $15,000 for her attendance at one meeting. She also said she does not know why she did this. In 2010, she increased her salary again to $95,000 plus the additional $15,000 fee.

{¶18} The magistrate found that Classified USA Inc. (Ohio) is an asset of the probate estate to be distributed pursuant to the terms of Mr. Stepien's will. In light of Robinson's dissipation of its assets, the magistrate also recommended the court issue an injunction to enjoin appellants from conveying or removing assets of the corporation.

{¶19} Appellants filed objections to the magistrate's decision, but did not file the transcript of the magistrate's trial in the trial court in support of their objections.

{¶20} The trial court in its judgment, filed November 22, 2011, overruled appellant's objections and adopted the magistrate's decision. The trial court found that Robinson did not fulfill the conditions precedent under the memorandum of understanding. Further, the court declared the asset purchase agreement was a forgery and invalid to reflect a purchase of the company by Robinson.

{¶21} The court entered judgment declaring that Classified USA Inc. (Ohio) and Classified USA (California) are assets of the estate to be distributed pursuant to Mr. Stepien's will. The court issued an injunction enjoining appellants from conveying or removing the assets of Classified USA Inc. (Ohio) or Classified USA (California). Appellants did not appeal this judgment.

**{¶22}** Subsequently, the estate filed a motion for attorney fees requesting fees in the amount of $12,163.70. The trial court referred the motion to the magistrate for a hearing. Both parties filed briefs in support of their respective positions. The estate argued the award was authorized by R.C. 2323.51 for appellants' frivolous conduct. Following the hearing, the magistrate listed several grounds in support of her finding that appellants had engaged in frivolous conduct. The magistrate found that appellants unnecessarily delayed the proceedings in this matter. By way of example, the magistrate found that appellants delayed the proceedings because the estate had to file a motion to compel on the eve of trial, August 12, 2011, in order to obtain cancelled checks and check registers from 2000 to 2011, which appellants refused to provide since 2009 in response to the estate's discovery requests. Appellants did not provide these documents until after the court entered its August 15, 2011 order compelling appellants to provide this discovery and after the trial had already begun.

**{¶23}** Further, the magistrate found that, since the estate provided Ms. Willard's expert report to appellants in April 2011, their continued denial that Mr. Stepien's signature on the asset purchase agreement was a forgery up to the trial in August 2011, without having retained an opposing expert, was not warranted by the evidence.

**{¶24}** The magistrate found that this matter required the estate's counsel to devote considerable time and effort and that his services directly benefitted the estate because the result of the declaratory judgment action was to include both companies in the estate. The magistrate further found that the estate's attorney is experienced counsel, having been in practice for over 33 years. However, the magistrate reduced

7

the attorney's hourly rate from $275/hour, the rate he has charged for five years, to $250/hour, the rate the court had previously approved for his services. The magistrate awarded the estate $10,475 in attorney fees and costs of $641.20, for a total of $11,162.20.

{¶25} Again, appellants filed objections to the magistrate's decision finding frivolous conduct, but did not file a transcript of the hearing before the magistrate in the trial court in support of their objections. The trial court found the magistrate's decision to be well taken and adopted it.

{¶26} Appellants appeal the trial court's judgment adopting the magistrate's decision awarding attorney fees to the estate for their frivolous conduct, asserting the following for their sole assignment of error:

{¶27} "The trial court committed prejudicial error and abused its discretion, in granting Plaintiff-Appellee's motion for attorney fees pursuant to R.C. 2323.51(A)(2), for the alleged 'frivolous conduct' of Defendants-Appellants, because of a lack of competent, credible evidence in support of the lower court's opinion, either in the record or as stated in the Magistrate's decision."

{¶28} Civ.R. 53(D)(3)(b)(iii) provides in pertinent part: "An objection to a factual finding * * * shall be supported by a transcript of *all the evidence submitted to the magistrate relevant to that finding * * *. * * * The objecting party shall file the transcript* * * with the court within thirty days after filing objections * * *." (Emphasis added.) This court has repeatedly held that an appellant is prohibited from challenging the factual findings of the magistrate unless he files a transcript of the magistrate's hearing with the

8

trial court with his objections. *Savage v. Savage*, 11th Dist. Lake Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, ¶31; *Yancey v. Haehn*, 11th Dist. Geauga No. 99-G-2210, 2000 Ohio App. LEXIS 788, *7 (Mar. 3, 2000). The failure to file a transcript waives all factual challenges on appeal. *Eiselstein v. Baluck*, 7th Dist. Mahoning No. 11 MA 74, 2012-Ohio-3002, ¶17. The duty to provide a transcript to the trial court rests with the person objecting to the magistrate's decision. *In re O'Neal*, 11th Dist. Ashtabula No. 99-A-0022, 2000 Ohio App. LEXIS 5460, *7 (Nov. 24, 2000). "Where the  failure to provide the * * * transcript * * * is clear on the face of the submissions, the trial court cannot then address the merits of the factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection." (Emphasis omitted.) *Wade v. Wade*, 113 Ohio App.3d 414, 418 (11th Dist.1996).  When a party fails to file a transcript of the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based on those factual findings. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995); *Saipin v. Coy*, 9th Dist. Summit No. 21800, 2004-Ohio-2670, ¶9.  If the objecting party fails to provide the court with a transcript of the magistrate's hearing to support the objections, the trial court may properly adopt a magistrate's factual findings without any further consideration. *Lincoln Savings & Loan Assn. v. Damron*, 4th Dist. Lawrence No. 02CA4, 2003-Ohio-2596, ¶23; *Wade, supra.*

{¶29} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶30} Further, a court may award attorney's fees on a claim for declaratory relief if an award of such fees is authorized by R.C. 2323.51. R.C. 2721.16(A)(1)(b).

{¶31} R.C. 2323.51(A)(2) defines "frivolous conduct" as:

{¶32} (a) Conduct of [a] party to a civil action* * * that satisfies any of the following:

{¶33} (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, *causing unnecessary delay* or a needless increase in the cost of litigation.

{¶34} * * *

{¶35} (iv) The conduct consists of *denials* * * * *that are not warranted by the evidence* * * *. (Emphasis added.)

{¶36} Further, R.C. 2323.51(B)(1) provides that within 30 days after the entry of final judgment in a civil action, any party adversely affected by frivolous conduct can file a motion for reasonable attorney's fees and costs. This section also provides that the court can make an award to any party to the civil action who was adversely affected by frivolous conduct pursuant to the procedures set forth therein.

10

{¶37} The decision to impose sanctions for frivolous conduct lies within the discretion of the trial court. *Stevenson v. Bernard*, 11th Dist. Lake No. 2006-L-096, 2007-Ohio-3192, at ¶39. This court has stated that the term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2009-A-0011, 2010-Ohio-2156, ¶24, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). Further, an appellate court will not disturb a trial court's findings of fact on a motion for sanctions for frivolous conduct where the record contains some competent, credible evidence to support such findings. *Stevenson, supra*, at ¶38. This standard of review of factual determinations is similar to that employed in a review of the manifest weight of the evidence. *Id.* In *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279 (1978), syllabus, the Supreme Court of Ohio stated: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Conversely, the standard of review with respect to legal issues in R.C. 2323.51 cases, such as whether legal grounds exist to support a complaint, is de novo. *Stevenson, supra*.

{¶38} Appellants do not challenge any of the magistrate's legal conclusions. Instead, they challenge certain findings of fact of the magistrate as not supported by competent, credible evidence. Appellants' arguments challenge the trial court's decision as being against the manifest weight of the evidence, and thus present factual challenges to the magistrate's decision. *Eiselstein, supra*. Because appellants did not

11

file the transcript of the hearing before the magistrate in the trial court, their challenges are prohibited or waived. *Savage, supra; Eiselstein, supra.*

{¶39} In any event, even if appellants had not waived their challenges to the magistrate's findings of fact, their arguments would still lack merit based on the information contained in the magistrate's decision. First, appellants challenge the magistrate's finding that they caused unnecessary delay. Appellants argue that, because they timely filed various motions and briefs and also filed a motion for summary judgment and a motion to dismiss, the record does not support this finding. However, without a transcript of the magistrate's hearing, we cannot determine what testimony or other evidence was presented in support of the magistrate's finding that appellants caused unnecessary delay.

{¶40} Second, appellants argue there was no competent, credible evidence to support the magistrate's finding that they unnecessarily delayed the proceedings by failing to provide discovery. The magistrate found that, although appellants admitted in discovery that they had the cancelled checks and check registers from 2000 to date, which the estate first requested in 2009, they failed to produce them for two years, requiring the estate to file a motion to compel on the eve of trial.

{¶41} Appellants argue the estate was not entitled to an order compelling discovery because the court's deadline for filing such a motion had passed. However, without the transcript, we cannot tell if evidence was presented that justified the court in granting the order compelling discovery even if the deadline for such motions had passed. In any event, on August 15, 2011, the trial court entered an order compelling

12

appellants to provide discovery and appellants did not appeal that order. Thus, appellants' argument that the estate was not entitled to an order compelling discovery is barred by res judicata.

{¶42} Appellants also argue that because they ultimately produced the documents, albeit only after the court ordered them to do so and after the trial was already in progress, their failure to produce the documents did not delay the trial itself. However, without the transcript, it is impossible for us to determine whether appellants' failure to produce these records for two years delayed other proceedings prior to the trial or the trial itself.

{¶43} Third, appellants argue there was no competent, credible evidence to support the magistrate's finding that, because the estate provided appellants with Ms. Willard's report in April 2011, their continued denial that the asset purchase agreement was forged, without retaining an expert, was not warranted by the evidence.

{¶44} Appellants argue it was not necessary for them to hire their own expert because they did not rely on the asset purchase agreement to prove Robinson's ownership of the companies and also because they expected their accountant, Koss, to testify he witnessed Mr. Stepien sign the agreement. However, without the transcript, we cannot determine whether appellants relied on the asset purchase agreement at the trial. Nor can we determine whether appellants' continued denial of Ms. Willard's findings was warranted by the evidence, especially in light of Koss' lack of independent recollection of the parties' execution of the agreement. Further, without the transcript, we have no way of knowing whether other evidence was presented showing that

13

appellants' continued denial of Ms. Willard's findings was not warranted by the evidence.

{¶45} Apparently recognizing that their failure to file the transcript is fatal to their appeal, appellants argue for the first time on appeal that, because the magistrate allegedly accepted all the arguments asserted in the estate's brief, a transcript was unnecessary. However, because appellant never asserted this argument in the trial court, it is waived on appeal. *Mortgage Elec. Registration Sys. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶20. In any event, even if this argument was preserved for appeal, appellants failed to cite any authority supporting it, in violation of App.R. 16(A)(7). Moreover, this argument lacks merit in light of the requirement in Civ.R. 53 that an objecting party file the transcript of all evidence in the trial court with his objections.

{¶46} By arguing that the magistrate's decision tracks the arguments presented in the estate's brief, appellants imply that the magistrate was biased in favor of the estate. However, appellants were required, but failed, to assert such argument in a motion to disqualify in the trial court. *Hayne v. Hayne*, 9th Dist. Medina No. 07CA0100-M, 2008-Ohio-4296, ¶39-40. Moreover, in the absence of the transcript of the hearing before the magistrate, this court must presume that the magistrate was not biased. *Id.* In any event, appellants' argument lacks merit because the magistrate did *not* find all of the arguments of the estate's counsel to be well taken; reduced his fee; and considered the arguments of appellants' counsel.

{¶47} Appellants argue that their answer, motion for summary judgment, and motion to dismiss support their argument that their conduct was not frivolous. This argument is obviously made to avoid the consequences of their failure to file the transcript. However, appellants were required to file the transcript of all evidence presented at the hearing in support of their objections. Civ.R. 53(D)(3)(b)(iii). The fact that appellants previously filed an answer and various motions cannot cure their failure to file the transcript of proceedings.

{¶48} In summary, because appellants' appeal is limited to challenges to the magistrate's findings of fact and they failed to file the transcript, their arguments are prohibited or waived. However, even if they were not waived, based solely on the information contained in the magistrate's decision, her findings were supported by competent, credible evidence. We therefore hold the trial court did not abuse its discretion in awarding sanctions against appellants for their frivolous conduct.

{¶49} For the reasons stated in the opinion of this court, appellants' assignment of error is overruled. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.

DIANE V. GRENDELL, J,

THOMAS R. WRIGHT, J.,

concur.