[Cite as *Arotin v. Nickels*, 2017-Ohio-1003.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| KARI AROTIN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-097** |
| SEAN NICKELS, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Willoughby Municipal Court, Case No. 2016 CVI 00367.

Judgment: Affirmed.

*Kari Arotin,* pro se, 11769 Bass Lake Road, Chardon, OH 44024 (Appellee).

*Sean Nickels* and *Rhiannon Resor,* pro se, 8419 Williams Road, Chardon, OH 44024 (Appellants).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellants, Sean Nickels and Rhiannon Resor, appearing pro se, appeal the judgment of the Willoughby Municipal Court in the amount of $2,968.47 against them and in favor of appellee, Kari Arotin, also appearing pro se. At issue is whether appellants are precluded from challenging the magistrate's findings of fact due to their failure to file a transcript of proceedings before the magistrate. For the reasons that follow, we affirm.

{¶2} On March 16, 2016, appellee filed a small claims complaint against appellants for damaging her rental property while appellants were living there. Appellee sought judgment in the amount of $3,000.

{¶3} The case came on for hearing before the court's magistrate on June 6, 2016. During the hearing, appellee testified regarding damage caused by appellants to her rental property. Appellee submitted various exhibits that were admitted in evidence, including a detailed itemization of damages, which listed the repairs made to the house and the repair costs, in the total amount of $2,968.47. Appellee also submitted photographs documenting the damage and bills for the cost of repairs. Appellants failed to present any exhibits at the hearing disputing these evidentiary materials.

{¶4} On June 15, 2016, the magistrate filed his decision. The magistrate found that appellants leased a home from appellee in Willowick and that appellants caused damage to appellee's property, which was beyond normal wear and tear, in the total amount of $2,968.47. As a result, the magistrate recommended that judgment be entered in favor of appellee and against appellants in that amount.

{¶5} On June 20, 2016, appellants filed objections to the magistrate's decision, asserting various factual challenges to the decision; however, they did not file a transcript of the magistrate's hearing in support of their objections. Appellee filed her response to the objections.

{¶6} On August 3, 2016, the trial court entered judgment, in which it stated that, after making an independent review of the magistrate's decision and the objections, the court found no error of law or other defect on the face of the magistrate's decision. The

court overruled the objections; affirmed the magistrate's decision; and entered judgment in favor of appellee and against appellants in the amount of $2,968.47.

{¶7} Appellants appeal the trial court's judgment, asserting the following for their sole assignment of error:

{¶8} "The civil court committed error in granting plaintiff-appellant [sic], Kari Arotin's motion [sic] for monetary judgment for damages to a rental property owned by the plaintiff after early lease termination by appellees [sic] whilst excluding evidence defendants-appellees [sic], Sean Nickels and Rhiannon Resor, attempted to provide. The civil court committed error in granting plaintiff appellant's [sic] motion [sic] for monetary judgment, finding that the facts in evidence presented by defendant appellees [sic] in objection do not support a conclusion of excessive wear and tear, timely itemized security deposit deduction or unlawful termination of a lease agreement."

{¶9} This court summarized the law regarding a party's failure to file a transcript in support of his or her objections to a magistrate's decision in *Estate of Stepien v. Robinson*, 11th Dist. Lake No. 2013-L-001, 2013-Ohio-4306, as follows:

> {¶10} Civ.R. 53(D)(3)(b)(iii) provides in pertinent part: "An objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding * * *. * * * The objecting party shall file the transcript * * * with the court within thirty days after filing objections * * *." (Emphasis omitted.) This court has repeatedly held that an appellant is prohibited from challenging the factual findings of the magistrate unless he files a transcript of the magistrate's hearing with the trial court with his objections. *Savage v. Savage*, 11th Dist. Lake Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, ¶31; *Yancey v. Haehn*, 11th Dist. Geauga No. 99-G-2210, 2000 WL 263757, *2 (Mar. 3, 2000). The failure to file a transcript waives all factual challenges on appeal. *Eiselstein v. Baluck*, 7th Dist. Mahoning No. 11 MA 74, 2012-Ohio-3002, ¶17. The duty to provide a transcript to the trial court rests with the person objecting to the magistrate's decision. *In re O'Neal*, 11th Dist. Ashtabula No. 99-A-0022, 2000 WL 1738366,

3

*3 (Nov. 24, 2000). "Where the failure to provide the * * * transcript * * * is clear on the face of the submissions, the trial court cannot then address the merits of the factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection." (Emphasis omitted.) *Wade v. Wade*, 113 Ohio App.3d 414, 418 (11th Dist.1996). When a party fails to file a transcript of the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based on those factual findings. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995); *Saipin v. Coy*, 9th Dist. Summit No. 21800, 2004-Ohio-2670, ¶9. If the objecting party fails to provide the court with a transcript of the magistrate's hearing to support the objections, the trial court may properly adopt a magistrate's factual findings without any further consideration. *Lincoln Savings & Loan Assn. v. Damron*, 4th Dist. Lawrence No. 02CA4, 2003-Ohio-2596, ¶23; *Wade, supra*. *Stepien, supra*, at ¶28.

{¶11} Further, when no transcript is provided to the trial court in support of factual objections to a magistrate's decision, an appellate court is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision. *Smith v. Treadwell*, 11th Dist. Lake No. 2009-L-150, 2010-Ohio-2682, ¶25. Without a transcript, the trial court's review of the magistrate's findings of fact is limited to determining whether those findings support the magistrate's conclusions of law. *Id*. "Under such circumstances, therefore, an appellate court will only reverse if it finds the trial court adopted the magistrate's decision when there was clear error or other defect on its face." *Id*.

{¶12} Here, appellants' objections asserted various factual challenges to the magistrate's decision. For example, they challenged various repair charges because, they argued, the charges were for items that were normal wear and tear or were excessive. They also challenged the cost to replace the kitchen sink because, according

4

to them, the sink did not need to be replaced. They also challenged the effectiveness of appellee's efforts to remove some mold in one corner of the basement. They challenged the bill to clean urine stains on the carpeting because, they said, the dogs that caused this damage were not theirs, but, rather, belonged to their friends who visited often. Each of these factual challenges was waived due to appellants' failure to file a transcript of the magistrate's hearing. *Stepien, supra.*

{¶13} In their appellate brief, appellants assert additional factual challenges that were not included in their objections and thus are presented for the first time on appeal. For example, they argue that appellee was late in presenting her "itemized security deposit deduction." These factual challenges are waived because they were not raised in appellants' objections and, further, because appellants failed to file a transcript.

{¶14} Appellants also argue that appellee was negligent in repairing the mold in one corner of the basement. This argument is waived because it was not raised in appellants' objections and was not supported by a transcript of the hearing. In any event, appellants admit that appellee submitted "evidence of health inspections" finding no "harmful environments" in the home and that they, i.e., appellants, failed to submit a countervailing expert report.

{¶15} In summary, because appellants' appeal involves factual challenges to the magistrate's decision and appellants failed to file a transcript of the hearing before the magistrate, their arguments are waived. Further, we agree with the trial court's finding that there is no clear error of law or other defect on the face of the magistrate's decision. We therefore hold the trial court did not abuse its discretion in adopting the magistrate's decision.

{¶16} For the reasons stated in this opinion, the assignment of error is overruled. It is the order and judgment of this court that the judgment of the Willoughby Municipal Court is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.