[Cite as *Hasberry v. Mills*, 2018-Ohio-561.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shakka S. Hasberry, | : | |
| Plaintiff-Appellant, | : | No. 17AP-518 |
| v. | : | (C.P.C. No. 00DR-5326) |
| Darla Mills, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 13, 2018

**On brief:** *Shakka S. Hasberry*, pro se.

**On brief:** *Kyle B. Keener*, Franklin County Child Support Enforcement Agency.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations, Juvenile Branch

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Shakka S. Hasberry, appeals a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which adopted a magistrate's decision finding Hasberry in contempt for failure to pay child support and ordering him to either spend 30 days in the Franklin County Correctional Facility or pay one dollar per month plus a processing charge toward his arrears of $17,322.88. Because we find that Hasberry, who is pro se, has failed to submit a brief that meets the requirements of the Ohio Rules of Appellate Procedure and our local court rules and not even any argument we can discern from what he has filed, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 28, 2000, Hasberry filed for divorce. (Dec. 28, 2000 Compl. for Divorce.) Approximately nine months later, the parties agreed upon a shared parenting plan and the court issued decrees for divorce and shared parenting. (Sept. 7, 2001 Divorce

Decree; Sept. 7, 2001 Shared Parenting Decree; Sept. 7, 2001 Shared Parenting Plan.)  The shared parenting plan required Hasberry to pay $326.20 per month plus processing charges for child support while their child was enrolled in daycare and $215 per month at such time that the child was no longer enrolled in daycare. (Sept. 7, 2001 Shared Parenting Plan at 3.)

{¶ 3}   Approximately five years later, in October 2006, the parties resolved post-decree differences between them that included Hasberry's child support arrearage and his obligation to pay. (Oct. 27, 2006 Memo. of Agreement at 3.)  They agreed that Hasberry would pay $125.00 per month in child support plus processing charges going forward. (Oct. 27, 2006 Memo. of Agreement at 3; Oct. 27, 2006 Deviation Findings of Fact; Dec. 8, 2006 Agreed Jgmt. Entry at 3.)  Arrearage of $3,000 would be liquidated at a rate of $25 per month plus processing charges.  The agreement was adopted and ordered by the domestic court. (Oct. 27, 2006 Memo. of Agreement at 3; Oct. 27, 2006 Deviation Findings of Fact; Dec. 8, 2006 Agreed Jgmt. Entry at 3.)

{¶ 4}   Three years later, in December 2009, the Franklin County Child Support Enforcement Agency ("FCCSEA") recommended that Hasberry pay, effective January 1, 2010, $218.07 per month plus 2 percent processing charge in addition to $25 per month as payment on child support arrearage and other sums due. (Dec. 21, 2009 Admin. Adjustment Recommendation at 2-3.)  Hasberry filed objections to the recommended adjustment, but he failed to appear for the hearing held to consider his objections. (Jan. 25, 2010 Objs.; Mar. 25, 2010 Mag. Decision; Mar. 25, 2010 Mag. Dec. Adopted.)  The trial court adopted the recommendations over his objections. (Mar. 25, 2010 Mag. Decision; Mar. 25, 2010 Mag. Dec. Adopted.)

{¶ 5}   Approximately six and one-half years later, on July 21, 2016, FCCSEA, on behalf of Mills as relator, filed a motion for contempt alleging that Hasberry had failed to pay as ordered. (July 21, 2016 Mot. for Contempt.)  The motion alleged a then-existing arrearage of $15,953. *Id.* at 2.  Hasberry filed a memorandum in opposition admitting the arrearage was $15,953 as of May 31, 2016, but he alleged that he was unemployed, indigent, and unable to pay. (May 31, 2017 Resp. in Opp. at 2.)

{¶ 6}   Approximately one year later, on June 2, 2017, a trial was held on the matter before a magistrate of the domestic court. (June 20, 2017 Mag. Decision at 1.)

{¶ 7}   On June 5, 2017, before the magistrate issued a decision on the trial, FCCSEA filed a recommendation that further support payments be terminated; Hasberry's and Mill's child had obtained the age of majority by then. (June 5, 2017 Termination Recommendation.)  FCCSEA calculated a total arrearage of $17,322.88 and recommended Hasberry be required to pay the arrearage at $243.07 per month plus processing charge until fully liquidated. *Id.* at 1-2; *see also* June 5, 2017 FCCSEA Calculation.

{¶ 8}   On June 20, 2017, the magistrate issued a decision finding Hasberry in contempt. (June 20, 2017 Mag. Decision at 7.)   The magistrate noted that Hasberry stipulated at trial to an arrearage of $17,322.88 as of May 31, 2017. *Id.* at 3.  The magistrate found that Hasberry considers himself a full-time performing artist and founder of a "movement," that "he is not currently looking for work and he is 'determined not to work.' " *Id.* at 6.  The magistrate decided that Hasberry should be required to serve 30 days in jail or purge his contempt by paying one dollar per month plus processing charge toward his arrearage. *Id.* at 7.  He was also ordered in the decision to pay $218.07, plus one dollar, plus processing charges until the arrearage was liquidated. *Id.*

{¶ 9}   The trial court adopted the magistrate's decision as its own. *Id.* at 9.  Hasberry did not order a transcript of the trial or file objections to the magistrate's decision.  On July 19, 2017, he appealed to this Court. (July 19, 2017 Notice of Appeal.)

## II. DISCUSSION

{¶ 10} Ohio Rule of Civil Procedure 53 permits a party to object to a magistrate's decision within 14 days. Civ.R. 53(D)(3)(b)(i).  The party's objections must be specific and stated with particularity. Civ.R. 53(D)(3)(b)(ii).  A transcript, if available, of the evidence submitted to the magistrate must be submitted within 30 days after filing objections unless the court extends the time for filing. Civ.R. 53(D)(3)(b)(iii).  When a party does not file objections, the domestic court reviews the magistrate's decision to determine if there is an error of law or other defect evident on its face. *Compare* Civ.R. 53(D)(4)(c) *with* Civ.R. 53(D)(4)(d).  On appeal, issues not objected to cannot be raised for review, except for those that are plain error:

> *Waiver of right to assign adoption by court as error on appeal.*  Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.

> R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b).

(Emphasis added.) Civ.R. 53(D)(3)(b)(iv).

{¶ 11} Because of Civ.R. 53, both this Court and the Supreme Court of Ohio do not address matters that were not raised or considered by the domestic or trial court, except when we detect plain error:

> Civ.R. 53(E)(3)(b) prohibits a party from "assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."

*State ex rel. Booher v. Honda of Am. Mfg.*, **88** Ohio St.3d 52, 53-54 (2000) (citing a predecessor division of Civ.R. 53). *See also State ex rel. Findlay Indus. v. Indus. Comm.*, 121 Ohio St.3d 517, 2009-Ohio-1674, ¶ 3; *see also, e.g.*, *Lavelle v. Lavelle*, 10th Dist. No. 12AP-159, 2012-Ohio-6197, ¶ 8.

{¶ 12} Except for pure legal issues, where a transcript of the proceedings before the magistrate is not prepared, we must presume the validity of proceedings before the magistrate and our review of the trial court's adoption of the decision is limited. For example, in the case of *Blevins v. Blevins*, we stated:

> "Appellate review is limited to the record as it existed at the time the trial court rendered its judgment." *Franks v. Rankin*, 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 73, citing *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13; *Wallace v. Mantych Metalworking*, 189 Ohio App.3d 25, 2010-Ohio-3765, ¶ 10, 937 N.E.2d 177 (2d Dist.). * * * " ' "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." ' " *Black v. Columbus Sports Network, LLC*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607, ¶ 39, quoting *Estate of Stepien v. Robinson*, 11th Dist. No. 2013-L-001, 2013-Ohio-4306, ¶ 29, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

*Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 14.

{¶ 13} Hasberry did not object to the magistrate's decision or seek to have a transcript prepared and filed. Our review is limited by the operation of Civ.R. 53 and cases that interpret its application.

{¶ 14} Hasberry's brief does not contain assignments of error. (Hasberry's Brief in passim.) App.R. 16(A)(3).  Nor does it contain a table of contents or a table of authorities and it cites no authorities.  There are no references to the record, no issues presented, no statement of the case, no statement of facts, no arguments on (nonexistent) assignments of error, and no conclusion to "briefly stat[e] the precise relief sought." App.R. 16(A)(1) through (8).  The brief is not signed and does not provide Hasberry's contact information. Civ.R. 11.  It contains no certificate of service. Loc.R. 2(E) of the Tenth District Court of Appeals; Civ.R. 5(B)(4).  It is not formatted as required. App.R. 19(A) and Loc.R. 2(D) of the Tenth District. Hasberry's filing is not a brief in any traditional sense of the word and fails to comply with substantially any of the rules of this Court or the Ohio rules of civil or appellate procedure.

{¶ 15} Instead, Hasberry's filing is a 13-page diatribe of a father who habitually failed to make court-ordered payments in support of his daughter. He analogizes his struggles to those borne by Martin Luther King, Jr. and St. Augustine. (Hasberry Brief.)  He characterizes himself as a saint for refusing to pay, calling it an act of "civil disobedience." *Id.* at 2, 6-7, 13.  He rhetorically asks, "What do we have to gain from this point by vilifying a saint?" *Id.* at 13.[1]  Even though his daughter has reached the age of majority without the benefit of his fully ordered support, the trial court found that he still owes $17,322.88 to liquidate his court-ordered arrearage for her care and support as a child.  We agree that he still owes this money and must pay it.

{¶ 16} The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

---

[1]  We would refer him to some sources that may guide him in the Christian tradition on why he must still pay, but we expressly do not cite them as any legal principle, except as persuasive support that he must abide by the rule of law: "[R]ender to Caesar the things that are Caesar's; and to God the things that are God's" (Matthew 22:21); "Let every person be in subjection to the governing authorities. For there is no authority except from God and those which exist are established by God" (Romans 13:1). *New American Standard Bible*, The Lockman Foundation, 1995.