[Cite as *Eiselstein v. Baluck*, 2012-Ohio-3002.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RONALD S. EISELSTEIN, et al., | ) | |
| | ) | CASE NO. 11 MA 74 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| JAMES BALUCK, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas
Court, Case No. 09 CV 1839.

JUDGMENT:        Affirmed.

APPEARANCES:
For Plaintiffs-Appellants:        Attorney Alden Chevlen
5202 Nashua Drive
Youngstown, OH 44515

For Defendants-Appellees:        Attorney David Engler
Southwoods Executive Center
100 DeBartolo Place, Suite 315
Boardman, OH 44512

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: June 20, 2012

DeGenaro, J.

{¶1}   Plaintiffs-Appellants, Ronald and Joanne Eiselstein appeal the May 9, 2011 decision of the trial court overruling their objections to a magistrate's decision; entering judgment against the Eiselsteins on their breach of contract claim; entering judgment in favor of Defendants-Appellees James and Joanne Baluck on their counterclaim for breach; and awarding the Balucks $20,353.51 in damages following a trial before the magistrate.   On appeal, the Eiselsteins challenge various aspects of the trial court's judgment as being against the manifest weight of the evidence.

{¶2}   Because the Eiselsteins failed to file a complete transcript for the trial court to review with their objections, they have waived all factual challenges on appeal.  Since all of their assignments of error allege that the trial court's decision was against the manifest weight, which are inherently factual challenges, they have waived their right to make these arguments on appeal.  Accordingly, the trial court's decision is affirmed.

## Facts and Procedural History

{¶3}   On September 1, 2008, the Eiselsteins entered into a written contract with the Balucks whereby the Eiselsteins agreed to lease residential property in Poland to the Balucks for $400 per month for 12 months.  The contract contains a provision granting the Balucks the option to purchase the property at any time during the lease term for $65,000 by providing the Eiselsteins with written notice of their intent to exercise the option.  The Eiselsteins agreed to provide financing for the purchase.  The contract further states: "Other than Landlord's obligation to replat the lot on which the dwelling is situated, there are no other contingencies which must be satisfied in order to consummate the sale and transfer of the Premises. * * * Landlord shall convey the Premises to Tenant by warranty deed with good and marketable title."

{¶4}   Further, the contract states:

> If Landlord fails to perform or fulfill any obligation under this Lease, including Landlord's obligation to provide "Landlord Financing" (as defined in Paragraph 8) after the purchase of the Premises, Landlord shall refund to Tenant the Security Deposit, the first six month's of Rent (which is being considered an improvement allowance for purposes of this Paragraph), all

money invested by Tenant for improvements to the Premises (as evidenced by paid receipts for materials) plus an additional fifty percent (50%) of the cost of materials to compensate Tenant for labor costs. * * *

{¶5} The property, which was an historic home, required some renovating, and thus the contract contains the following provision: "As Tenant will be making significant improvements to the Premises to make the Premises habitable and compliant with local building codes, any work in progress at the termination of this Lease shall not be considered 'damages' to the Premises * * * [.]"

{¶6} On May 19, 2009, the Eiselsteins filed a complaint against the Balucks for breach of contract and specific performance. According to the Eiselsteins, the Balucks provided them with written notice of their intent to exercise the purchase option on March 19, 2009. The Balucks then learned that there was already an existing mortgage encumbering the property that had been taken out by the Eiselsteins, which apparently could not be released prior to closing. According to the Eiselsteins, the Balucks refused to accept title for an interim period until the Eiselsteins could obtain a partial release of the mortgage, allegedly in breach of the contract. The Eiselsteins demanded that the Balucks be ordered to specifically perform under the contract by completing the purchase as agreed. Alternatively, the Eiselsteins prayed that monetary damages be awarded for what they viewed as the Balucks' "extensive demolition" of the interior and parts of the exterior of the house.

{¶7} The Balucks answered and counterclaimed for breach of contract and fraudulent inducement. The Balucks claimed that the Eiselsteins failed to perform under the contract because they were unable to convey clear title when the Balucks informed them of their intent to exercise the purchase option, and demanded $20,353.51 to compensate them for the goods purchased to improve the property plus other damages the Eiselsteins agreed to in the contract. The Balucks also alleged that the Eiselsteins fraudulently induced them to enter into a contract knowing that they could not perform, and demanded $20,353.51 in specific damages plus punitive damages and attorney fees.

{¶8} The case was tried before the magistrate, where the Eiselsteins called six witnesses and the Balucks called three. Thereafter both sides filed post-trial briefs with the magistrate, each attaching the transcript of one witness's testimony, Richard Mastriani, one of the Eiselsteins' experts.

{¶9} The magistrate issued a decision concluding that the Eiselsteins failed to sustain their burden of proof with regard to their breach of contract claim and thus entered judgment in favor of the Balucks and against the Eiselsteins on the complaint. Further, the magistrate found that the Balucks failed to sustain their burden of proof on their fraud counterclaim and thus entered judgment in favor of the Eiselsteins and against the Balucks upon that claim. Finally, the magistrate found by a preponderance of the evidence that the Eiselsteins breached the contract resulting in damages to the Balucks. Accordingly, the magistrate entered judgment in favor of the Balucks and against the Eiselsteins in the amount of $20,353.51, plus interest and costs.

{¶10} Findings of Fact and Conclusions of Law were neither requested nor prepared by the magistrate. The Eiselsteins filed timely objections to the magistrate's decision, alleging that the magistrate's "factual findings are incorrect based upon the evidence presented by the Eiselsteins," and also that "the Magistrate erred by not considering the relevant statutes and case law presented by the Eiselsteins to rebut the arguments of the Balucks[.]" Notably, the Eiselsteins did not file a transcript to accompany their objections. The Balucks filed a response to the objections arguing that the Eiselsteins objections should not be considered for that reason.

{¶11} After a hearing, which was not transcribed for inclusion in the appellate record, the trial court overruled the objections, stating:

> The Court has considered Civil Rule 53 (D)(3)(b) Objections to Magistrate's Decision and the applicable law. The Court has undertaken an independent review as to the objected matters to ascertain that the Magistrate has properly determined the factual issues and appropriately applied the law in consideration of this matter. Defendants' response to

Plaintiffs' objection correctly notes that Plaintiff has failed to provide a transcript of the proceedings herein or an affidavit of evidence as required by Civ.R. 53(D)(3)(b)(iii). Upon consideration of all the aforesaid, the Court adopts the Magistrate's Decision in whole without modification as follows: * * *

{¶12} The Eiselsteins filed a timely notice of appeal with this court on May 10, 2011. The Eiselsteins did file a full trial transcript for inclusion in the appellate record, however, as indicated, the trial court did not review it when overruling the objections to the magistrate's decision.

**Failure to File a Transcript with Objections to the Magistrate's Decision**

{¶13} The Eiselsteins' three assignments of error can be disposed of on the same grounds and therefore will be discussed together. They assert, respectively:

{¶14} "The trial court erred in finding that Plaintiffs breached the Contract for failure to perform when Plaintiffs' testimony and exhibits support the fact that Plaintiffs substantially performed their requirements of the Lease."

{¶15} "The trial court erred in adopting the Magistrate's Decision that the Defendants/Appellees incurred damages as a result of Plaintiffs'/Appellants' actions."

{¶16} "The trial court erred in ruling that Plaintiffs/Appellants failed to sustain their burden of proof when all testimony and exhibits supported Plaintiffs substantial performance under the Lease, which is the requirement for an award of specific performance."

{¶17} All of the above assignments of error challenge the trial court's decision as being against the manifest weight of the evidence, and thus present factual challenges to the decision below. The law is clear that failure to file a transcript waives all factual challenges on appeal. Civ.R. 53(D)(3)(b)(iii) states that an objection to a factual finding, whether or not specifically designated as a finding of fact, shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding, by an affidavit of that evidence if a transcript is not available. With leave of court alternative

technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. Civ.R. 53(D)(3)(b)(iii).

**{¶18}** The Supreme Court of Ohio has stated that where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, an appellate court is precluded from considering the transcript of the magistrate's hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). In such case, the reviewing court is only permitted to determine if the application of the law was proper or if it constituted an abuse of discretion. *Id.* As a result, an appellant cannot rely on evidence from the transcript of a magistrate's hearing where that transcript was not before the court when ruling on the objections. *Id.*, citing *State v. Ishmail* , 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), at paragraph one of syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

**{¶19}** Thus, if no transcript has been presented to the trial court for ruling on the objections to the magistrate's decision, then no transcript can be presented to the court of appeals. *Petty v. Equitable Prod. & Eastern States Oil & Gas, Inc.*, 7th Dist. No. 05MA80, 2006-Ohio-887, ¶ 19, 22. In such a situation, both the trial court and the appellate court are bound by the magistrate's factual findings. *Id.* at ¶ 23. The appellate court can thus review only any *legal* issues raised. *Id.* at ¶ 24. *See, also, Remner v. Peshek*, 7th Dist. No. 97-C.A.-98, 1999 WL 803441 (Sept. 30, 1999) (holding that trial court did not abuse its discretion in overruling Appellant's objections on the basis that Appellant failed to file a transcript of hearing.)

**{¶20}** Here, only the transcript of one witness's testimony, which was filed along with the post-trial briefs, was available to the trial court when ruling on the objections; eight other witnesses testified at the trial before the magistrate, but the trial court did not have the benefit of reviewing their testimony. Thus, this court is precluded from reviewing

the full trial transcript filed on appeal. Even though the Eiselsteins make reference to the testimony of three other witnesses in their brief on appeal, we cannot consider it because their testimony was not transcribed and filed with the Eiselsteins' objections to be reviewed by the trial court. In addition, because neither party requested that the magistrate issue findings of fact in this case, we also lack the benefit of those to review. As discussed, all of the Eiselsteins' assignments of error attack the trial court's decision as being against the manifest weight, which is impossible to determine absent a review of a full trial transcript, or at least, factual findings by the magistrate. Finally, the trial court's decision to overrule the objections based upon the Eiselsteins failure to file a complete transcript was reasonable. *Accord Remner*, *supra*.

**{¶21}** Accordingly, the Eiselsteins' assignments of error are meritless, and the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.