[Cite as *Pierce v. Louis Elec.*, 2013-Ohio-4151.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| FLETCHER PIERCE | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2013 CA 00052 |
| LOUIS ELECTRIC | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:   Civil Appeal from the Canton Municipal
                           Court, Case No.  2013 CVI 00167


JUDGMENT:                  Affirmed


DATE OF JUDGMENT ENTRY:    September 23, 2013


APPEARANCES:

For Plaintiff-Appellant            For Defendant-Appellee

FLETCHER PIERCE, PRO SE            JOHN A. TSCHOLL
809 Lawrence Road NE               1400 Market Avenue North
Canton, Ohio  44704                Canton, Ohio  44714

*Wise, J.*

{¶1} Appellant Fletcher Pierce appeals the decision of the Canton Municipal Court, Stark County, which granted judgment in favor of Appellee Joseph Louis, dba Louis Electric, in a small claims action concerning a dispute over a residential rewiring agreement. The relevant facts leading to this appeal are as follows.

{¶2} On January 9, 2013, Appellant Pierce filed a small claims complaint in the trial court, claiming that he had an oral contract with appellee to rewire a house on Lawrence Road NE in compliance with the pertinent building codes, provide separate electric service capability on the first and second floors, and add 220-volt service.

{¶3} The trial court scheduled a hearing before a magistrate for January 30, 2013. On February 8, 2013, after hearing the evidence, the magistrate issued a decision in favor of appellee.

{¶4} Appellant filed an objection to the magistrate's decision on February 19, 2013. The trial court thereupon overruled the objection and adopted the decision of the magistrate.

{¶5} Appellant filed a notice of appeal on March 13, 2013. Appellant filed his brief on May 13, 2013; appellee filed its brief on May 31, 2013.

{¶6} Although appellant's brief fails to comply with the Appellate Rules at numerous points,[1] in the interest of justice, we will interpret appellant's assigned errors as follows:

---

[1] Appellant's brief lacks a statement of facts and statement of the case, and there appears to be no clear statement of separate assigned errors. In addition, the brief commences with a photocopy of appellant's objection to the decision of the magistrate; we are unsure if appellant intends this document to be incorporated as part of his actual appellate arguments or if it is provided merely for reference purposes. We are cognizant

{¶7} "I. THE TRIAL COURT'S DECISION IN FAVOR OF APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8} "II. THE TRIAL COURT ERRED BY PERMITTING APPELLEE TO INTRODUCE CERTAIN DOCUMENTS REGARDING THE ELECTRICAL WORK AT ISSUE."

I.

{¶9} In the First Assignment of Error, appellant argues the trial court's decision in favor of appellee was against the manifest weight of the evidence.

{¶10} Generally, a civil judgment which is supported by competent and credible evidence may not be reversed as against the manifest weight of the evidence. *See State v. McGill,* Fairfield App.No. 2004–CA–72, 2005–Ohio–2278, ¶ 18. In *Eastley v. Volkman,* 132 Ohio St.3d 328, 972 N.E.2d 517, 2012–Ohio–2179, the Ohio Supreme Court reiterated the following in regard to appellate review of manifest weight challenges in civil cases: " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Id.* at 334, quoting *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). A reviewing court must determine whether the finder of fact, in resolving conflicts in the evidence, clearly lost his way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *See*

that appellant is proceeding pro se; however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." *State v. Wayt* (Mar. 20, 1991), Tuscarawas App.No. 90AP070045, 1991 W L 43005.

*Hunter v. Green,* Coshocton App.No. 12–CA–2, 2012–Ohio–5801, ¶ 25, citing *Eastley, supra.*

**{¶11}** A review of the record in the case sub judice indicates that appellant's objection to the decision of the magistrate was not accompanied by a transcript of the trial before the magistrate, although such a transcript was prepared and filed for this appeal. We have held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. *See, e.g., State v. Leite* (April 11, 2000), Tuscarawas App. No. 1999AP090054. The Ohio Supreme Court has determined that in such a situation, "*** the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *See State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254. "[T]he reviewing court is only permitted to determine if the application of the law was proper or if it constituted an abuse of discretion." *Eiselstein v. Baluck*, 7th Dist. Mahoning No. 11 MA 74, 2012-Ohio-3002, ¶ 18. Furthermore, "[t]here is no abuse of discretion on the part of the trial court in its decision to overrule objections to factual findings where the party objecting has failed to file a transcript." *Remner v. Peshek* (Sept. 30, 1999), Mahoning App.No. 97-CA-98, 1999 WL 803441 (additional citation omitted).

**{¶12}** In this instance, the magistrate, having heard the testimony and reviewed the documents and exhibit photographs related to the rewiring, found that the testimony was in conflict and that no complete written documentation existed as to the parties' agreement; hence, the magistrate was unable to determine the exact nature of the work

agreed to be completed. *See* Decision at 1. We find no error or abuse of discretion in the trial court's application of the law to the magistrate's findings of fact. Appellant's First Assignment of Error is therefore overruled.

II.

{¶13} In the Second Assignment of Error, appellant contends the trial court erred in allowing appellee to rely on "estimate" documents regarding the electrical work at issue. We disagree.

{¶14} The admission or exclusion of evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402. Our task is to look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in regard to the disputed evidence. *State v. Oman* (Feb. 14, 2000), Stark App.No. 1999CA00027. Under Evid.R. 803(6), the following are excepted from the hearsay rule: "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness ***."

{¶15} Based on our limited scope of review due to the lack of a transcript provided for the trial court's consideration, we are unpersuaded that the allowance of the written estimates as business records evidence in this matter constituted an abuse of the trial court's discretion.

**{¶16}** Accordingly, appellant's Second Assignment of Error is overruled.

**{¶17}** For the foregoing reasons, the judgment of the Canton Municipal Court of Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

_____

HON. JOHN W. WISE

_____

HON. W. SCOTT GWIN

_____

HON. CRAIG R. BALDWIN

JWW/d 0909

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


FLETCHER PIERCE                          :
                                         :
        Plaintiff-Appellant              :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
LOUIS ELECTRIC                           :
                                         :
        Defendant-Appellee               :          Case No. 2013 CA 00052



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

Costs assessed to appellant.



                                         _____
                                         HON. JOHN W. WISE


                                         _____
                                         HON. W. SCOTT GWIN


                                         _____
                                         HON. CRAIG R. BALDWIN