[Cite as *Egan v Buchnowski*, 2018-Ohio-1210.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ERIC J. EGAN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-073** |
| BRIANA BUCHNOWSKI, | : | |
| Defendant-Appellant. | : | |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2016 CV 00944.

Judgment: Affirmed.

*John W. Shryock,* John Shryock Co., L.P.A., 30601 Euclid Avenue, Wickliffe, OH 44092 (For Plaintiff-Appellee).

*Joseph G. Stafford* and *Nicole A. Cruz,* Stafford Law Co., L.P.A., 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Briana Buchnowski ("mother"), appeals the judgment of the Lake County Court of Common Pleas, Juvenile Division, adopting the magistrate's decision approving appellee's, Eric Egan's ("father's"), proposed shared parenting plan. At issue is whether the trial court abused its discretion in adopting the magistrate's decision. For the reasons that follow, we affirm.

**{¶2}** On June 15, 2016, father filed a complaint requesting custody of or visitation with the minor child, L.B., then eight months old. On August 31, 2016, a pre-trial was held, at which father was granted interim parenting time with L.B. and was ordered to pay interim child support. On November 1, 2016, father filed a motion for shared parenting with an attached shared-parenting plan. On February 6, 2017, the case proceeded to trial before the magistrate on father's complaint and plan.

**{¶3}** Since mother failed to timely file the hearing transcript in the trial court, the statement of facts that follows is limited to the magistrate's findings of fact.

**{¶4}** Father and mother were never married. Father testified he is the biological father of the child; mother acknowledged father's paternity; and the magistrate found a parent-child relationship exists. The parents met while they were attending Kent State University, and mother gave birth to the child in October 2015.

**{¶5}** L.B. has lived in Willoughby since November 2015. He lived with both parents from November 2015 until March 2016, when they ended their relationship. L.B. has primarily lived with mother in Willoughby since that time.

**{¶6}** Mother is originally from Buffalo, New York. The child was born there and spent the first few weeks of his life there.

**{¶7}** Mother testified her plan was to move back to Buffalo. She wants to return there "to have [her] family support."

**{¶8}** Father has had consistent contact with the child since his birth. He takes the child to his medical appointments and otherwise attends to his needs.

**{¶9}** L.B. is bonded with both his maternal and paternal families. Mother earns $41,000/year and father earns $39,500/year. Mother pays for the child's health insurance

2

through her employer. The parties share the costs of the child's daycare, which is about $400/month.

{¶10} Despite disagreements between the parents, the magistrate found they are able to work with one another. Each parent communicates and works with the other in the child's best interest.

{¶11} The magistrate also engaged in an exhaustive analysis of the pertinent best-interest factors in R.C. 3109.04(F)(1) and the additional factors in R.C. 3109.04(F)(2) when shared parenting is involved.

{¶12} Based on these findings, the magistrate found that father's proposed shared parenting plan was in the child's best interests and should be adopted with two modifications: First, in the original plan, both parties were designated the child's residential parent for school purposes, while under the modified plan, mother was to be designated the sole residential parent for school purposes. Second, the provision in father's original plan that any decision to enroll or change schools would be made only if the parties mutually agree was to be removed; thus, mother can enroll or change the child's school on her own.

{¶13} The magistrate issued his decision on March 6, 2017. On March 17, 2017, mother filed objections to the magistrate's decision along with (1) a motion for extension of time to file supplemental objections and (2) a motion for extension of time to obtain the transcript. The trial court granted mother's motions, allowing her to file the transcript "no later than April 17, 2017" and her supplemental objections "no later than May 1, 2017." Mother failed to file a transcript or any supplemental objections.

3

**{¶14}** On April 27, 2017, the trial court entered judgment overruling mother's objections (noting that mother was given until April 17, 2017 to file the transcript, but that she had failed to file the transcript or any further extension to file the transcript) and adopting the magistrate's decision in its entirety. In its entry, the trial court adopted father's shared parenting plan, which was filed on November 1, 2016, with the two foregoing modifications. After the court-ordered deadline for filing the transcript and after the court entered final judgment, mother filed the transcript of the magistrate's hearing.

**{¶15}** Mother appeals the trial court's judgment, asserting four assignments of error. For her first, she alleges:

**{¶16}** "The trial court erred as a matter of law and abused its discretion in failing to consider all relevant factors under R.C. 3109.04(F)."

**{¶17}** While mother contends the magistrate (and thus the trial court) did not consider the statutory factors in R.C. 3109.04(F) in ruling on father's shared parenting plan, mother failed to raise this issue in her objections.

**{¶18}** Juv.R. 40(D)(3)(ii) provides that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for the objection." Further, Juv.R. 40(D)(b)(iv), regarding *waiver*, provides that "*a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion * * *.*" (Emphasis added.) By failing to object to the magistrate's decision on the ground that the magistrate did not consider the statutory factors, mother waived the right to assert this issue for the first time on appeal. In any event, even if we were to review the issue for plain error, no such error occurred because the magistrate (and the trial court) considered the statutory factors.

4

{¶19} This court, in *Brandt v. Brandt*, 11th Dist. Geauga No. 2012-G-3064, 2012-Ohio-5932, set forth the standard of review in custody cases involving a proposed shared parenting plan, as follows:

{¶20} Custody determinations, including, as here, determinations involving proposed shared parenting plans, are entrusted to the sound discretion of the trial court. *Liston v. Liston*, 11th Dist. Portage No. 2011-P-0068, 2012-Ohio-3031, ¶15. These determinations are left to the court's discretion given the serious nature of the court's proceeding and the impact the ultimate decision will have on those concerned. *Dragon v. Dragon*, 11th Dist. Ashtabula Nos. 2011-A-0037 & 2011-A-0039, 2012-Ohio-978, ¶9. Further, the trial court is in the best position to observe the witnesses, "'which cannot be conveyed to a reviewing court by a printed record.'" *Id.*, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74 846 (1988). Thus, this court operates under an abuse of discretion standard. Moreover, given the considerations outlined above, we are "'guided by the presumption that the trial court's findings were indeed correct.'" *Id.*; *see also Foxhall v. Lauderdale*, 11th Dist. Portage No. 2011-P-0006, 2011-Ohio-6213, ¶26, quoting *Bates-Brown v. Brown*, 11th Dist. Trumbull No. 2006-T-0089, 2007-Ohio-5203, ¶18 ("[d]ecisions involving the custody of children are 'accorded great deference on review'").

{¶21} The term "abuse of discretion" has been defined as the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2001). "[W]here the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* at ¶67. That is, "in determining whether the trial court has abused its discretion, a reviewing court is not to weigh the evidence, 'but must ascertain from the record whether there is some competent evidence to sustain the findings of the trial court.'" *Foxhall, supra*, at ¶28, quoting *Clyborn v. Clyborn*, 93 Ohio App.3d 192, 196 (3d Dist.1994).

{¶22} R.C. 3109.04 involves provisions for shared parenting and the allocation of parental rights. Pursuant to R.C. 3109.04(D)(1)(b), a trial court may not approve a shared parenting plan unless it first determines that the plan is in the best interests of the child. *Liston, supra,* at ¶17. Specifically, R.C. 3109.04(F)(1) and (F)(2) enumerate certain factors a court must consider in determining whether shared parenting is in the best interests of the child. * * * Though there should be some indication in the judgment entry that the trial court

5

considered the best interests of the child pursuant to R.C. 3109.04(F), there is no requirement it make specific findings in its entry as to each and every factor. * * *. *Brandt, supra*, at ¶11-13.

{¶23} Contrary to mother's argument, the trial court considered the relevant factors in R.C. 3109.04(F)(1) and (F)(2). First, with respect to the best interest factors in R.C. 3109.04(F)(1), the court made the following findings:

{¶24} (a) As to the parents' wishes regarding the child's care, mother wants sole custody and father would like shared parenting or, alternatively, sole custody.

{¶25} (b) As to the child's wishes regarding custody, the child was only one and one-half year old as of the date of the hearing.

{¶26} (d) As to the child's adjustment to the child's home, school, and community, L.B. has always resided with mother, and with both parents a good portion of his life. The child is well-adjusted to living with both parents in Willoughby, Ohio.

{¶27} (e) As to the mental and physical health of those involved, no physical or mental health issue was identified for either parent.

{¶28} (g) As to whether father was making his child support payments, as of the date of the hearing, father was current.

{¶29} Further, with respect to the additional factors in R.C. 3109.04(F)(2) regarding shared parenting plans, the court made the following findings:

{¶30} (a) As to the parents' ability to cooperate in making decisions regarding L.B., prior to court involvement, the parties worked out parenting time schedules, split daycare costs, and coordinated L.B.'s medical appointments so both parents could attend. Both parents will do their part to comply with the court's order, and they are able to cooperate in making joint decisions regarding the child.

6

**{¶31}** (b) As to each parent's ability to encourage the sharing of love and contact between the child and the other parent, both parties are able to do so based on the testimony of each party that the other party is a good parent.

**{¶32}** (d) As to the proximity of the parents to each other, both reside in Willoughby.

**{¶33}** Thus, contrary to mother's argument, the trial court considered the statutory factors in light of the magistrate's findings as it pertained to each parent. Since the trial court analyzed the relevant statutory factors, the trial court did not abuse its discretion in adopting the magistrate's decision that shared parenting was in L.B.'s best interest.

**{¶34}** Further, mother argues the trial court failed to weigh the fact that she wanted to move to Buffalo so she could be close to her family against father's concern that her move would damage his relationship with L.B. "When parental relocation is at issue, a court must strike a balance between one parent's right to move and the other parent's right to meaningful parent/child contact. In conducting that balancing, the trial court must focus on arriving at the custody arrangement in the child's best interest." *Ash v. Dean*, 10th Dist. Franklin No. 15AP-144, 2016-Ohio-5589, ¶18.

**{¶35}** Contrary to mother's argument, the record reflects the court balanced these two concerns. First, the court's findings concerning several of the best-interest factors bear directly on this issue. As to (c), the magistrate found that LB. "interacts with both parents and maternal/paternal families." As to (d), the magistrate found that L.B. "has always resided with mother, and with both parents, a good portion of his life. The child is well-adjusted to living with both parents in Willoughby, Ohio." As to (j), the magistrate found that "father desires to stay in Willoughby * * *. Mother desires to move to the

7

Buffalo, New York area, despite the fact the minor child has lived almost his entire life in Willoughby * * *." The magistrate also noted that "mother testified her plan was to move back to Buffalo. She wants to return there 'to have [her] family support.'" Further, in adopting the shared parenting plan, which contains relocation provisions, the court balanced mother's desire to relocate against father's wish to maintain his relationship with L.B. The plan's relocation provisions state:

**{¶36}** If either parent * * * desires to establish a residence beyond the geographic limits of Lake County, * * * the parents will discuss with one another their intended move, with a view towards working out, in advance of such move, *mutually satisfactory arrangements* governing the parents' rights * * *. In working out such arrangements, the parents will consider the relative distance between their places of residence, the cost of transportation and the age of the child. In the event that the parents cannot work out suitable arrangements resulting from either parent's intended relocation, the parents shall attempt to *mediate* their dispute and as a last [resort] obtain *Court approval* for such relocation and the terms of such relocation.

**{¶37}** * * *[I]f either parent intends to move from the residence specified in the visitation order * * * of the Court, said parent shall file a *Notice of Intent to Relocate* with the Court that issued the prior order * * * indicating the date and location of such intended relocation. Said Notice of Intent to Relocate shall be sent to the other parent with at least *90 days' notice* * * * so as to assess the impact of the move on the current parenting arrangement and to renegotiate and modify the agreement accordingly. In no event shall any relocation of the minor child occur without final *approval of the Court* or the written consent of the parent who is not attempting to relocate. (Emphasis added.)

**{¶38}** Contrary to mother's argument, these terms do not prevent mother from moving to Buffalo. Rather, they simply require her to try to work out with father mutually agreeable arrangements before making the move. If the parties are unable to reach an amicable agreement regarding relocation, the plan provides for mediation and, if necessary, court approval. Thus, while the court was not required to make specific

8

findings in its entry regarding mother's desire to move vs. father's interest in fostering his relationship with L.B., *Brandt, supra*, in making the foregoing findings and adopting the relocation provisions in the plan, the court weighed the parties' competing concerns. The result is that mother is not prevented from relocating with the child as long as she first complies with the plan's relocation provisions.

{¶39} We therefore hold that since the trial court considered the relevant statutory factors, the trial court did not commit plain error in adopting the magistrate's decision and in approving father's proposed shared parenting plan, as modified.

{¶40} For mother's second assignment of error, she alleges:

{¶41} "The trial court's determination to adopt father's proposed shared parenting plan is against the manifest weight of the evidence."

{¶42} Mother's objection read as follows: "The Magistrate's decision ordering shared parenting is against the manifest weight of the evidence." Mother presented no argument in the trial court in support of this objection. Thus, her argument relating to this assigned error is made for the first time on appeal. As such, it has not been preserved for appeal and is waived. *State v. Awan*, 22 Ohio St.3d 120, 122 (1986).

{¶43} In any event, mother's argument challenges the trial court's judgment adopting the magistrate's decision as being against the manifest weight of the evidence and, as such, presents factual challenges to the magistrate's decision.

{¶44} "This court has repeatedly held that an appellant is prohibited from challenging the factual findings of the magistrate unless he files a transcript of the magistrate's hearing with the trial court with his objections." *Estate of Stepien v. Robinson*, 11th Dist. Lake No. 2013-L-001, 2013-Ohio-4306, ¶28. "The failure to file a transcript

9

waives all factual challenges on appeal." *Id.*, citing *Eiselstein v. Baluck*, 7th Dist. Mahoning No. 11 MA 74, 2012-Ohio-3002, ¶17. The duty to provide a transcript to the trial court rests with the appellant. *Id.* "'Where the failure to provide the * * * transcript * * * is clear on the face of the submissions, the trial court cannot then address the merits of the factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection.'" (Emphasis omitted.) *Id.*, quoting *Wade v. Wade*, 113 Ohio App.3d 414, 418 (11th Dist.1996). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

**{¶45}** Further, this court has held that when an appellant's argument challenges the trial court's judgment adopting a magistrate's decision as being against the manifest weight of the evidence, such argument presents factual challenges to the magistrate's decision, and when the appellant does not file the transcript of the magistrate's hearing in the trial court, such challenges are prohibited or waived. *Stepien, supra*, at ¶38.

**{¶46}** As noted above, on March 17, 2017, mother filed her objections and a motion for an extension of time to file the transcript. The court granted her motion and ordered the transcript to be filed by April 17, 2017. Mother did not file the transcript by that date and never filed another motion for an extension. Instead, some three weeks after the trial court entered final judgment and just two days before she filed her notice of appeal, without even asking for leave, mother filed the transcript in the trial court. Thus,

mother failed to timely file the transcript and it is not part of the trial court's record. "When a party objecting to a [magistrate's decision] has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the [decision], appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision], and *the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record*." (Emphasis added.) *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995). Thus, this court cannot consider the transcript in reviewing the trial court's judgment adopting the magistrate's decision.

**{¶47}** Mother concedes on appeal that resolution of a manifest-weight challenge requires review of the transcript. However, she argues that because she raised such challenge in an objection to the magistrate's decision, her assignment of error is not barred. However, this argument misses the point. While mother preserved the issue via her objection, she cannot support it by references to the transcript because she failed to timely file it, *thus depriving the trial court of the opportunity to consider it in ruling on the objections.* As the Ohio Supreme Court stated in *Knapp, supra*, when the transcript necessary for resolution of assigned errors is omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

**{¶48}** We therefore hold that since review of mother's manifest-weight challenge requires a review of the transcript and mother failed to include the transcript in the trial court's record, there is nothing for us to review and this assigned error thus lacks merit.

**{¶49}** For mother's third assignment of error, she alleges:

**{¶50}** "Trial court erred as a matter of law and abused its discretion by adopting the father's shared paretning (sic) plan solely to prevent the mother from returning to Buffalo, New York with the minor child."

**{¶51}** Mother's objection on this issue provided as follows: "The magistrate's decision, in ordering the Plaintiff's shared parenting into effect, unfairly restricts Defendant's residence to the Willoughby-Eastlake School District, or in the alternative, lose the residential parent status, even though the child is 3-4 years away from beginning school." Again, mother presented no argument in the trial court in support of this objection. Thus, her argument relating to this assigned error is made for the first time on appeal and, as such, is waived. *Awan, supra*.

**{¶52}** In any event, because mother failed to timely file the transcript, she failed to provide the trial court with the information necessary to determine if the magistrate adopted the plan for an improper purpose. Thus, we must presume the validity of the trial court's factual findings and affirm.

**{¶53}** For her fourth and final assignment of error, mother contends:

**{¶54}** "The trial court erred as a matter of law and abused its discretion in adopting a shared parenting plan that does not follow the procedure as outlined in Ohio Revised Code Section 3109.14."

**{¶55}** Mother argues the magistrate (and thus the trial court) erred in modifying father's shared parenting plan because, in doing so, the magistrate did not follow the procedure for modifying such plans in R.C. 3109.04(D)(1)(a)(iii). Mother does not dispute that, per Juv.R. 40(D)(b)(iv), she was required to object if she believed the magistrate

12

erred in not following this procedure. However, because she failed to do so, the challenge is waived.

**{¶56}** In any event, even if we were to review the issue, there would be no plain error. R.C. 3109.04(D)(1)(a)(iii) provides: "if changes to the plan * * * are submitted to meet the court's objection, and if any of the filed plans with the changes is in the best interest of the children, the court may approve the plan with the changes."

**{¶57}** Mother argues the magistrate erred in making these modifications because, per R.C. 3109.04, the magistrate was required to have father prepare a modified plan incorporating the magistrate's required modifications. While this statute suggests a party, rather than the magistrate or court, is to prepare the modified plan, mother does not demonstrate any prejudice. Under the first modification, she, rather than both parents, was named the sole residential parent for school purposes, and under the second, she, rather than both parents, was given the right to enroll or change L.B.'s school. Both modifications were clearly made for mother's benefit, and a remand for father to prepare the modified plan would have the same result and accomplish nothing more than to delay these proceedings. Thus, there is no plain error.

**{¶58}** Appellant argues in both her briefing and at oral argument that the trial court failed to attach father's shared parenting plan to its judgment entry. However, appellant fails to cite any case law holding the trial court was required to do so. Further, the trial court's judgment referenced and adopted the shared parenting plan, which was filed by father on November 1, 2016. Thus, the trial court was not also required to attach the shared parenting plan to its entry.

{¶59} For the reasons stated in this opinion, the assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concurs.