[Cite as *Braham v. Natali*, 2024-Ohio-5654.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

CHAD M. BRAHAM,

       Petitioner-Appellee,

- vs -

BENJAMIN NATALI a.k.a.
MARCH-NATALI,

       Respondent-Appellant.

CASE NO. 2024-T-0027

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2023 CV 01326

---

### O P I N I O N

Decided: December 2, 2024
Judgment: Affirmed

---

*Chad M. Braham*, pro se, 220 Cross Creek Drive, N.W., Warren, OH 44483 (Petitioner-Appellee).

*Benjamin Natali*, pro se, 3016 Malibu Drive, S.W., Warren, OH 44481 (Respondent-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Benjamin Natali a.k.a. March-Natali ("Natali"), appeals, pro se, from the judgment of the Trumbull County Court of Common Pleas granting a civil stalking protection order ("CSPO") in favor of appellee, Chad M. Braham, and against Natali. We affirm the judgment of the trial court.

{¶2} On September 5, 2023, Braham filed an ex parte petition for a CSPO, pursuant to R.C. 2903.214. In the petition, Braham alleged that, on August 28, 2023, Natali posted threats on Natali's Facebook page claiming he would see Braham again

one day – implying Natali would cause Braham harm. He alleged that, on September 1, 2023, Natali posted direct death threats to him on his Facebook page, asserting he is going to give Braham a "Columbian Necktie," among other things. On the same date, Braham claimed Natali became verbally hostile with him in front of several witnesses. Finally, Braham asserted Natali's pattern of harassment had become increasingly frequent and public. Braham therefore filed the petition because he is "in fear of physical harm."

{¶3}    Braham also attached voluminous "screenshots" from various social-media sources in support of his petition. The attachments indicated Natali was dating and/or engaged to Braham's former/estranged wife. The screenshots demonstrated Natali frequently attacked Braham for being "fat, a "fat ass," and a "bitch" or a "bitchboy."  In the posts, Natali allegedly emphasized he was a boxer and claimed he wanted the "9 seconds it will take to knock [Braham's] fatass out in the ring."

{¶4}    The attachments also revealed various threats, including Natali's alleged desire "to sever [Braham's] fcking head with [his] bare mthrfcking hands" (sic.), as well as Natali's alleged assurance that Braham "[j]ust know I'm coming for you then[.]" Braham also attached an alleged copy of Natali's prior criminal record which was purportedly pulled from the Niles Municipal Court. Braham additionally attached an opinion, issued by this court on November 14, 2022, affirming Natali's convictions for two counts of Aggravated Menacing in the Newton Falls Municipal Court.

{¶5}    The petition was granted on September 8, 2023.  Natali was served with the CSPO on September 12, 2023.  The matter proceeded to hearing before the magistrate after which Natali filed a series of hand-written "objetions." (Sic.)

{¶6} The objections included a series of run-on comments and observations about the nature of the parties' relationship. Natali insisted Braham is a manipulator and the former is concerned that a knock on his door will be a "sheriff" accusing him of violating the CSPO. Natali claimed he has had little contact with Braham and does not intend on having further contact with him. Natali also objected to the magistrate's decision on the basis that "nobody likes [Braham]." Natali additionally asserted Braham lied during the hearing and in his petition because Natali never threatened Braham.

{¶7} Significantly, Natali did not submit a transcript or affidavit of the evidence from the hearing in support of his claimed objections. The trial court adopted the magistrate's decision and this appeal follows.

{¶8} We first point out that Natali initially filed two "appellate briefs," both of which were stricken by this court for failure to comply with the appellate rules as well as this court's local rules. Although this court accepted his third submission, it also suffers from various deficiencies, not the least of which is the failure to expressly set forth an assignment or assignments of error. Despite this fundamental flaw, the brief this court accepted appears to generally challenge the sufficiency and/or the weight of the evidence upon which the trial court relied in adopting the magistrate's decision to issue the CSPO.

{¶9} Natali essentially takes issue with the representations in Braham's petition, contending they were merely conjecture and the allegations were unsubstantiated at the hearing. Natali maintains Braham failed to establish any proof he harassed or threatened Braham when placed in the proper context. Natali also claims many of Braham's allegations were irrelevant and unreliable. Without a transcript of the hearing,

3

unfortunately, this court is unable to assess the sufficiency or the weight of the evidence upon which the magistrate's decision was premised.

{¶10} A CSPO pursuant to R.C. 2903.214 is one of the special statutory proceedings governed by Civ.R. 65.1. Under Civ.R. 65.1(F), a court may refer the petition filed under R.C. 2903.214 to a magistrate, who has the authority to hold an ex parte and full hearing on the petition for a protection order and thereafter make a ruling denying or granting the protection order. Civ.R. 65.1(F)(2) and (3). "Objections based on evidence of record must be supported by a transcript or, if a transcript is not available, by an affidavit of that evidence." *Post v. Leopardi*, 2020-Ohio-2890, ¶ 11 (11th Dist.), citing Civ.R. 65.1(F)(3)(d)(iv).

{¶11} With these points in mind, when a petition for a CSPO, filed pursuant to R.C. 2903.214, is tried to the magistrate and a party wishes to challenge the facts and evidence upon which the magistrate bases its decision, he or she must first provide the trial court with a transcript or affidavit. Natali neither provided a transcript nor submitted an affidavit.

{¶12} Furthermore,

> [t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record . . . . When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

(Citations omitted.) *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 1977, 199 (1980).

{¶13} "This court has repeatedly held that an appellant is prohibited from challenging the factual findings of the magistrate unless he files a transcript of the magistrate's hearing with the trial court with his objections." *Estate of Stepien v.*

4

*Robinson*, 2013-Ohio-4306, ¶ 28 (11th Dist.). "The failure to file a transcript waives all factual challenges on appeal." *Id.*, citing *Eiselstein v. Baluck*, 2012-Ohio-3002, ¶ 17 (7th Dist.). "Without a transcript or other acceptable statement of the proceedings, . . . a review of the trial court's judgment is confined to the pertinent portions of the record before us." *Maybaum v. LaMarca*, 2010-Ohio-708, ¶ 24 (11th Dist.).

> "When a party objecting to a [magistrate's decision] has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the [decision], appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision], and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record."

(Emphasis omitted.) *Egan v. Buchnowski*, 2018-Ohio-1210, ¶ 46 (11th Dist.), quoting *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995).

{¶14} Under the circumstances, we discern no abuse of discretion. The petition was supported by significant documentation of the threats and/or harassment alleged by Braham. It was also supported by Braham's sworn statement. Without a transcript of proceedings which would have allowed the trial court and, in turn, this court to assess the weight and credibility of the evidence and allegations, we conclude the trial court's adoption of the magistrate's decision was not unreasonable.

{¶15} The judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

5

Case No. 2024-T-0027